LEWIS and another *against* DWIGHT:

IN ERROR.

The contract of a surety, like other contracts, is to be construed according to the fair import of the language used.

On the 4th of *December* 1829, *A* and *B* executed a bond to *C*, in the penal sum of 1500 dollars, conditioned to "pay, or cause to be paid, to *C*, all sums and sum of moneys, responsibilities, debts and dues, which *B* might owe *C*, equal to the sum of 1500 dollars, either contracted, or which might thereafter be contracted." On the 12th of *March* 1830, *C* held three promissory notes, made by *B*, and indorsed to him, (*C*,) two for 595 dollars, each, dated *November* 4th, 1829, payable to *C* and *D*, or order, six months after date, and one for 500 dollars, dated *March* 8th, 1830, payable

HARVARD LAW LIBRARY

*Hartford,*
June, 1834.

Lewis.
*v.*
Dwight

to the order of *E,* on demand. On all of these notes *C* brought suits and obtained judgments against *B.* *B* indorsed to *C* two notes, made by *B* and his partners, for 414 dollars, each, dated *November* 24th, 1829, and payable, one in five, the other in seven months from date ; which notes, when due, were paid to *C.* In an action afterwards brought by *C* against *A* and *B,* on such bond, it was held, 1. that the three notes so held by *C,* by indorsement, were debts due from *B* to *C* within the condition of the bond ; 2. that this was a continuing guaranty to the amount of 1500 dollars ; 3. that the obligation assumed by *A,* was that of a surety ; 4. that conse- quently, notwithstanding the payment of the two notes for 414 dollars each, the defendants were liable to pay all such debts from *B* to *C,* not exceed- ing 1500 dollars, as should remain unpaid ; 5. that the full amount of the penalty being found due, interest thereon was recoverable.

THIS was an action of debt, brought by *George A. Dwight,* against *Henry Lewis* and *Alanson Nash,* on a bond, for 1500 dollars, dated the 4th of *December* 1829, demanding 2000 dollars in damages. The condition of the bond was as follows : " That if the above bounden *Alanson Nash* and *Henry Lewis,* their heirs, executors or administrators, or any of them, shall and do well and truly pay, or cause to be paid, unto the above-named *George A. Dwight* all sums and sum of moneys, responsibilities, debts and dues, which the said *Alanson Nash* may owe the said *George A. Dwight,* his ex- ecutors, administrators or assigns, the full and just sum of such debts, dues and obligations, equal to the above sum of 1500 dollars, either contracted already, or which may hereafter be contracted, without fraud or further delay ; then this obliga- tion to be void, otherwise," &c.

Under this bond the plaintiff sought to recover two promis- sory notes, made by *Nash,* dated *November* 4th, 1829, one for the sum of 595 dollars, 12 cents, the other for 595 dollars, 13 cents, payable to *Dwight & Clark,* or order, (a mercantile firm in the city of *New-York,* consisting of the plaintiff and *Daniel L. Clarke,*) six months from their respective dates ; also a note for 500 dollars, made by *Nash,* dated *March* 8th, 1830, payable to the order of *Timothy D. Porter* and *Eustis Prescott,* on demand ; which notes, the plaintiff averred, he, on the 12th of *March,* 1830, held ; and on each of which he obtained judgment, in the superior court of the city of *New- York,* against *Nash,* previous to the commencement of the present action ; and the sums specified therein are still due.

*A. Nash & Co.,* of which firm said *Alanson* was a mem- ber, on the 24th of *November,* 1829, made and delivered to

him two negotiable promissory notes, each for the sum of 414 dollars, 1 cent, one payable in five, the other in seven months from their date; which were by him indorsed and delivered to the plaintiff, to whom they were duly paid, when they fell due.

The defendants claimed, first, that neither of the notes held by the plaintiff, was covered by the bond; secondly, that the payment of the two notes for 414 dollars, 1 cent, each, should be deducted from the amount of the bond. The defendants also demurred to a portion of the pleadings, because the plaintiff had not alleged, that he was the holder of said notes, or either of them, at the time of the execution and delivery of the bond to him; nor at what time he became the holder of said notes, or either of them; nor that he took them at the request of *Nash ;* nor that he paid any consideration for them, or either of them. The court over-ruled the demurrer, and rendered judgment for the plaintiff to recover the sum of 1500 dollars and the interest thereon from the 11th of *April,* 1831, when demand was made.

The defendants thereupon, by motion in error, brought the case before this court, for revision.

*Sherman* and *Toucey,* for the plaintiffs in error, contended,
1. That sureties are favourites in courts of law, and not bound beyond the explicit terms of their engagement. *Russell* v. *Perkins,* 1 *Mason* 368. *Cremer* v. *Higginson,* 1 *Mason* 323. *Russell* v. *Clark's* exrs. 7 *Cranch* 69.

2. That when *Lewis* and *Nash,* or either of them, had paid to the plaintiff debts due from *Nash* to him equal in amount to 1500 dollars, the condition of the bond was satisfied. It was not a continuing guaranty. *Kirby* & al. v. *The Duke of Marlborough* & al. 2 *Mau. & Selw.* 18. *Melville* v. *Hayden,* 3 *Barn. & Ald.* 593. (5 *Serg. & Lowb.* 389.) *Barill* v. *Turner,* 2 *Chitt. Rep.* 205. (10 *Petersd. Abr.* 263.) *Cremer* v. *Higginson,* 1 *Mason* 323. *Russell* v. *Perkins,* 1 *Mason* 368. *Hall* v. *Rand,* 8 *Conn. Rep.* 560. *Robbins* v. *Bingham,* 4 *Johns. Rep.* 476. *Rogers* & al. v. *Warner* & al. 8 *Johns. Rep.* 119. *Walsh* & al. v. *Bailie,* 10 *Johns. Rep.* 180.

3. That the two notes of 595 dollars, each, payable to *Dwight & Clark,* and the note of 500 dollars payable to *Pres-*

*Hartford,*
*June, 1834.*

Lewis
*v.*
Dwight.

*cott* and *Porter,* of which the plaintiff avers that he was the holder, in *March,* 1830, were *not contracted with the plaintiff and due him;* and therefore, were not within the bond. *Wright* v. *Russel,* 3 *Wils.* 530. S. C. 2 *Bla. Rep.* 934. *Myers* & al. v. *Edge,* 7 *Term Rep.* 254. *Strange* & al. v. *Lee,* 3 *East* 484. *Dance* & al. v. *Girdler* & al. 1 *New Rep.* 34. *Weston* & al. v. *Barton,* 4 *Taun.* 673. *Pearsall* v. *Summersett,* 4 *Taun.* 593. *Robbins* v. *Bingham,* 4 *Johns. Rep.* 476. *Walsh* & al. v. *Bailie,* 10 *Johns. Rep.* 180.

4. That the plaintiff could not go into market and buy notes against *Nash,* which were not within the bond, and thus, by his own act, bring them within it, and subject the surety. Such a transaction is not within the scope of the surety's engagement, but a fraud upon him.

5. That the surety is not liable beyond the penalty of the bond, for interest upon the bond. *Clark* v. *Bush,* 3 *Cowen* 151. The law of *New-York,* where the condition of the bond was to be performed, must govern.

*Hungerford* and *F. Parsons,* for the defendant in error, contended, 1. That there was no rule requiring the court to adopt a *strict* construction of this contract, in favour of one party, to the prejudice of the other; but the rights and obligations of the parties, respectively, depended on the import of the terms used, taken in their ordinary acceptation. *Hall* v. *Rand,* 8 *Conn. Rep.* 578, 9. per *Daggett,* J. And see *Mason* v. *Pritchard,* 12 *East* 227. *Merle* & al. v. *Wells,* 2 *Campb.* 413. *Hargreave* v. *Smee,* 6 *Bing.* 244. (19 *Serg. & Lowb.* 69.) *Rapelye* & al. v. *Bailey,* 5 *Conn. Rep.* 149. Each case, therefore, is to be decided on its peculiar features.

2. That this was a continuing guaranty, and embraced the two notes originally payable to *Dwight & Clark* and the note payable to *Porter* and *Prescott.* These notes were the property of the plaintiff; and the sums specified in them were *due to him.* The judgments obtained by the plaintiff, are conclusive upon the point of indebtedness to him. *Mason* v. *Pritchard,* 12 *East* 227. *Merle* v. *Wells,* 2 *Campb.* 413. *Hargreave* v. *Smee,* 6 *Bing.* 244. (19 *Serg. & Lowb.* 69.) *Woolley* v. *Jennings,* 5 *Barn. & Cres.* 165. (11 *Serg. & Lowb.* 187.) *Rapelye* & al. v. *Bailey,* 5 *Conn. Rep.* 149. *Clark* v. *Burdett,* 2 *Hall's Rep.* 197. *Sturges* & al. v.

*Robbins,* 7 *Mass. Rep.* 301. The cases of *Kirby* v. *The Duke of Marlborough,* 2 *Mau. & Selw.* 18. and of *Hall* v. *Rand,* 8 *Conn. Rep.* 560. were governed by the *recitals,* and were less general in their conditions. The bond in this case reaches all *subsequent* debts, as well as those due at the time.

3. That interest was properly allowed on the penalty. *Harris* v. *Clap* & al. 1 *Mass. Rep.* 308. *Perit,* v. *Wallis,* 2 *Dall.* 252. *The United States* v. *Arnold,* 1 *Gal.* 348. *The United States Bank* v. *Magill,* 1 *Paine* 669. confirmed, by the supreme court of the *United States,* on a writ of error. 12 *Wheat.* 512. 515. It does not appear from the record, that this case is to be governed by the laws of *New-York ;* but if it did, the rule is the same in that state as elsewhere. *Smedes* v. *Hooghtaling* & al. 3 *Caines* 48.

WILLIAMS, J. The question in this case depends upon the extent of the obligation assumed by the defendants, and the true construction of the bond on which the suit is brought.

The defendants claim, that they only undertook, that *Nash* would pay the plaintiff 1500 dollars, if he owed so much ; and that any sums paid by *Nash* since the date of the bond, are to be deducted from the 1500 dollars. They further claim, that the notes payable to *Dwight & Clark* and to *Porter & Prescott,* and by them indorsed to *Dwight,* are not debts due, within the meaning of the bond ; and further claim, that the plaintiff cannot recover interest beyond the penalty of the bond.

The plaintiff claims, that the bond was in nature of a continuing guaranty for the sum of 1500 dollars ; and that it extended to any debts which *Nash* might owe *Dwight* to that amount ; and that after it was really due from the defendant, he ought to pay interest upon it.

The bond is dated *December* 4th, 1829. The debts now due, are two notes, dated *November* 1829, payable to *Dwight & Clark,* or order, and endorsed to *Dwight ;* and one note, dated *March* 8th 1830, payable to *Porter & Prescott,* or order, and endorsed to the plaintiff, on 12th of *March* 1830 ; which debts are now in judgment on suits in favour of the plaintiff against said *Nash.* Other debts due from *Nash* had been paid since the date of the bond. If those payments should have been deducted from 1500 dollars ; or if those debts endorsed to the plaintiff are not secured by the bond ; or if no

*Hartford,*
*June, 1834.*

Lewis
*v.*
Dwight.

interest should have been allowed ; then the judgment is er-roneous.

On the part of the plaintiff, it was claimed, that sureties are to be favoured.   No strained construction is to be adopted to subject sureties ; but the contract of a surety must, like all contracts, be construed according to the intent ; and the question is, what is the fair import of the language of the guaranty ? *Hargreave* v. *Smee,* 6 *Bing.* 244. (19 *Serg.* & *Lowb.* 69.)

In this case, the instrument is a bond.   The language is, " to pay *all sums and sum of moneys, responsibilities, debts and dues,* which the said *Nash may owe the said Dwight*— the full and just sums of such debts, dues and obligations, equal to the above sum of 1500 dollars, either contracted already, or which may hereafter be contracted."   This is very broad indeed : all sums of money, (all) responsibilities, (all) debts, (all) dues ; not those only now due, but which said *Nash* may owe said *Dwight ;* clearly implying, which he may in future owe, equal to the above sum of 1500 dollars.   But to remove any doubt as to the extent, it is added " either contracted already, or which may hereafter be contracted."   Here is no limitation, except as to amount.   It is as broad as the relation which may exist between the parties.   It is not confined to bonds, or goods sold, or moneys lent, or debts due from *Nash* alone, or debts due to *Dwight* alone, but seems to have been intended to be as extensive as their dealings, and to embrace every transaction, future as well as present, which should arise between them. It would certainly extend to notes endorsed *by Dwight.*   I see not why it may not include notes endorsed *to him.*   Such a debt is a debt due to *Dwight,* as much as any other.   That is the criterion the parties have chosen to adopt ; and it is not for the court to restrict it.

If indeed, as was suggested, notes were bought up in this way, for the purpose of subjecting a surety, when the principal had become bankrupt, it might be doubted whether this was not a fraud upon the surety ; or where it was done merely to shape a case to the guaranty.   No such thing has been shown here ; and the Court are not to presume it, any more than they will presume, that the notes were taken expressly for the accommodation of *Nash,* in which case they would seem to be as fairly within the intent of the guaranty as if the money had been lent to him to take them up ; which may have been one of the

very objects contemplated by the parties, when the bond was given.

The notes, then, held by indorsement, are within the guaranty.

The next question is, does the guaranty extend to 1500 dollars, which might be due when *Lewis* is called on, or only to the first 1500 dollars due?   Or, is it in nature of a continuing guaranty?

It is claimed, that the words " equal to 1500 dollars," limit it to the first sum of 1500 dollars.   These words are equivalent to the words *to the amount,* or *to the extent,* of 1500 dollars ; and these are the words ordinarily used in such cases.   Equal to 1500 dollars, is only a limitation of the sum to that amount, expressed in language not technical.

Again, it is objected, that as no time is fixed, the party must always continue a liability to that amount.   This argument, if allowed, would have often defeated a continued guaranty, because it is not uncommon that there is no limitation but that of amount ; and the broad language of this bond, certainly, seems to intend something more than security for the first 1500 dollars *Nash* might owe : were not the sum limited, it would be a general security for all debts *Nash* might contract with *Dwight.*   Now it is limited so that is a general security to the amount of 1500 dollars only.

The intercourse between individuals varies so much, that it is hardly to be expected, that different parties should use the identical language of each other.   But words of a similar import, it is believed, have been held to constitute a continuing guaranty.

Thus, where the defendant engaged with the plaintiff to guarantee him for any goods " he hath or may supply my brother *W. P.* with," to the amount of 100*l.,* it was construed to extend not merely to the first 100*l.,* but to goods delivered to that amount so long as the parties dealt together.   *Mason* v. *Pritchard,* 12 *East,* 227.   S. C. 2 *Campb.* 436.

In *Woolley* & al. v. *Jennings* & al. 5 *Barn. & Cres.* 165. (11 *Serg. & Lowb.* 187.) a warrant of attorney was given to secure the payment of 400*l.* with interest ; although more than 400*l.* had been paid, it was held, that the warrant was to be construed a continuing guaranty.

" I hereby guarantee the payment of any bill or bills of mer-

chandize Mrs. *Philips* has purchased, or may purchase, the amount of this guaranty not exceeding 200 dollars, and to expire at the end of one year," was held a continuing guaranty. *Clark* v. *Burdett,* 2 *Hall's Rep.* 197.

So where the defendant engaged to the plantiffs, if they would credit *E. D.* a sum not exceeding 500 dollars, in case he did not pay the same in twelve months, he, the defendant, would pay the same himself; the plaintiff delivered *E. D.* 500 dollars and various other sums, and received several payments, which he applied to the other sums; it it was held, that the defendant could not object to that course. *Sturges* & al. v. *Robbins,* 7 *Mass. Rep.* 301.

It is claimed by the defendant, that the case of *Kirby* & al. v. *Duke of Marlborough* & al. 2 *Mau. & Selw.* 18. is opposed to the plaintiff's claim. There, the recital in the bond was, that " whereas *C.* had occasion for divers sums of money, not exceeding 300*l. in the whole,* and had applied to the plaintiff," &c. ; and the bond was, to secure such advancement, not exceeding 300*l.* : it was held, that 300*l.* being advanced, the bond was *functus officio.* There, the plain intent was, that the party should receive but 300*l.* The bond in question does not limit the advance to 1500 dollars, but it does limit the defendant's liability to that sum.

It has been further contended, on the part of the defendants, that it does not upon this bond appear, that *Lewis* was a *surety* for *Nash;* and that the words of the bond are, that if *Nash* and *Lewis* shall pay 1500 dollars, it shall be void, and that as *Lewis* could only be compelled to pay 1500 dollars, a payment by *Nash* must have the same effect as if made by *Lewis* himself. In answer to this, it is to be remarked, in the first place, that although in the bond *Lewis* is not called a surety, yet the facts therein disclosed evince it as fully as if he were so called. The debts for which he is to be responsible, are not his debts, or the debts of himself and *Nash,* but they are *Nash's* debts ; and if he pays them, enough is here shewn to entitle him to recover of *Nash* as money paid for his use.

It follows, then, that the obligation he assumes is merely that of a surety. And if he is a surety, and the guaranty in nature of a continuing guaranty, he must be liable for the sum of 1500 dollars, if that sum remains unpaid.

The bond is for 1500 dollars, to secure all sums that are or

*Hartford*,
June, 1834.

Lewis
*v.*
Dwight.

may be due from *Nash* to *Dwight*. His liability, however, is not to exceed 1500 dollars. If the condition had been drawn in the usual manner, that if said *Nash* should pay all such debts, &c. then the bond should be void, and it was a continuing guaranty, it would compel *Lewis* to pay all such debts, not exceeding 1500 dollars, as should remain unpaid. Then *Nash's* payment would not lessen *Lewis's* liability, if 1500 dollars remained unpaid ; and if so, it is not easy to see how the fact that the draughtsman has introduced the name of *Lewis* with that of *Nash* (" that if said *Nash* and *Lewis* shall pay") shall diminish or even change *Lewis's* liability. We must again go back to the question of its being a continuing guaranty. If it is, and *Lewis* is a surety, he must be responsible for *Nash's* failure to that amount; and *Nash's* payment, unless it reduces the debt to less than that amount, cannot affect his liability.

It was further claimed, that the court erred in allowing interest beyond the penalty of the bond. Whether any thing can be given by way of damages beyond the penalty, in an action of debt on a bond, has been much litigated in *England*, (note to *Hellen* v. *Ardley*, 3 *Car. & Payne*, 12. 14 *Serg. & Lowb.* 187.) and finally settled, by this court, that interest thereon might be allowed after the debt became due. *Carter* v. *Carter*, 4 *Day* 30. A similar opinion has been expressed, by Judge *Story ; (The United States* v. *Arnold*, 1 *Gal.* 348. 360.) which seems to have been acquiesced in, in the supreme court of the *United States*, (9 *Cranch* 104.) and was confirmed in the case of the *Bank of the United States* v. *Magill*, 1 *Paine* 659. S. C. in error, 12 *Wheat.* 512.

It is said, however, that this case is to be governed by the laws of *New-York ;* and that there the contrary doctrine prevails.

There is nothing on this record to show, that it is to be governed by the laws of *New-York ;* nor is there any such evidence of that law as would induce me to believe that it differed from our own.

The case cited from that state proves, indeed, what is not denied, that as a general rule, the party, especially a surety, is not to be subjected beyond the penalty of a bond. The court say, that the weight of authority is against such a recovery ; at any rate, nothing beyond the penalty *and interest*. Of

*Hartford,*
*June, 1834.*

Lewis
*v.*
Dwight.

course, there is nothing in that opinion decidedly against the doctrine adopted in our courts.

I think, therefore, there is nothing erroneous.

The other Judges were of the same opinion, except PETERS, J., who was absent.

Judgment affirmed.