McDonald v. Harris.

---

## Michael C. McDonald v. Albert B. Harris.

1. CONSTRUCTION—*Of Obligations of Sureties.*—The terms used and the language employed in guaranties, letters of credit and other obligations of sureties, should have a reasonable interpretation, according to the intent of the parties, as disclosed by the instrument, read in the light of surrounding circumstances and the purposes for which it was made.

2. GUARANTY—*A Contract of, Construed.*—An indorsement on a lease as follows—

" For value received I guarantee the payment of the above lease as specified,

M. C. MCDONALD "—

is sufficient by its terms to constitute a guaranty of the payment of the rent provided for by the lease.

3. SAME—*Date of Signing a Contract of, as Affecting the Question of Consideration.*—In a suit on a guaranty of the rent reserved by a lease, defended on the ground of want of consideration, the following instruction was given : "The jury are instructed that if they find from the evidence that the defendant signed the written guaranty upon said lease before the acceptance of the same by the plaintiff, then the said defendant can not successfully interpose the defense of a want of consideration for said contract of guaranty so signed by him." *Held,* that the instruction stated the law correctly as applied to the facts in the case.

4. SAME—*Presumption as to Date of Execution of.*—In a suit on a guaranty of the rent payable under a lease, the jury were instructed that under the issues in the case, the plaintiff, by the introduction of the lease in question, and the written guaranty thereon, signed by the defendant, and by proof of the amount of rent due and unpaid, made out a *prima facie* case. *Held,* that a guaranty without date will be presumed to have been made at the time of the execution of the instrument guaranteed, and that the instruction stated the law correctly.

5. NEW TRIALS—*On Account of Newly Discovered Evidence—Showing Necessary.*—To entitle a party to a new trial on the ground of newly discovered evidence, he must show that such evidence could not have been procured at the trial by the use of reasonable diligence. The fact that he did not believe evidence would be given on an issue made by the pleadings, furnishes no excuse for not being able to meet it. And the newly discovered evidence must be something more than merely cumulative.

**Assumpsit,** on a guaranty. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 24, 1898.

### STATEMENT OF THE CASE.

This suit was brought by appellee, Harris, against appellant, McDonald, to recover certain rent, claimed to be due on a lease from Harris to one Hogan, which, it is claimed, McDonald guaranteed. The lease covered premises in the city of Chicago. The term was one of five years beginning on the first of May, 1891. The rent reserved was $600 per month. The lease was dated, executed and delivered on the seventeenth day of February, 1891. There appears written on the lease the following words, signed by appellant, which it is claimed by appellee, constitute a guaranty by appellant of the payment of the rent under the lease :

"For value received I guarantee the payment of the above lease as specified.                    M. C. McDONALD."

It is claimed by appellant that this guaranty was signed some four months after the lease was delivered, and something like two months after Hogan was in possession under the lease, and that it was signed without any consideration therefor.

It is claimed by appellee that the guaranty was signed on February 17, 1891, and before the lease was delivered. Upon this issue there is a conflict in the evidence.

With his declaration the plaintiff filed an affidavit claiming eight months' rent due him, amounting to $4,800. Those months were August, September, October, November and December, 1894, and January, February and March, 1895. One count of the declaration is for rent due for those months. At the trial, Harris testified that there was nine months and ten days' rent due him, amounting to $5,600. This additional month and ten days' rent would seem to have been for installments which fell due after the date of the commencement of this suit. Appellee recovered a verdict for the $5,600. There appears to have been no contest at the trial as to the amount of rent unpaid.

On argument of motion for new trial, appellant produced what purported to be receipts in full for the August and November, 1894, rents, and for $400 on account of October, 1894, rent. These were presented as newly discovered evidence and ground for a new trial. The genuineness of these receipts was disputed. Appellee denied having signed them, and evidence was presented to show that the signatures were not genuine. One of the grounds of the motion for a new trial was that appellant was surprised by the evidence presented by appellee upon the trial, to the effect that the guaranty was executed on February 17, 1891, as claimed by appellee, and in connection therewith appellant made a showing of new evidence which he could produce upon another trial, to prove that he was absent from Chicago at that time.

Appellee remitted the amount of $1,600 upon the verdict; motion for new trial was overruled, and judgment was entered for $4,000.

A. B. JENKS, attorney for appellant.

The legal proposition that the execution and delivery of a lease constitutes no consideration for a subsequent guaranty of the same, is clearly established by the following authorities: Parkhurst v. Vail, 73 Ill. 343; Klein v. Currier, 14 Ill. 239; Leonard v. Vredenburgh, 8 Johns. 38; Martin v. Stubbings, 20 Brad. 381; Ellis v. Clark, 110 Mass. 389; Pratt v. Hedden, 121 Mass. 116.

If the newly discovered evidence will, if taken as true, certainly change the verdict, a new trial should be granted. Legg v. City of Bloomington, 40 Ill. App. 185.

It is not the duty of the court to whom newly discovered evidence is submitted, to deny the motion for a new trial if there be some slight suspicion that a new jury may not believe the evidence. If the evidence, when regarded as true, will change the verdict, the defeated party has the right to have the case submitted to another jury. Guyot v. Butts, 4 Wend. 579; 3 Graham & Waterman on New Trials, 1044, and cases cited.

"It can not be objected to granting a motion for a new trial on the ground of newly discovered evidence, that such evidence is cumulative, if it is of a different kind or character from that adduced on the trial." Fletcher v. The People, 117 Ill. 190, and authorities there cited.

The court can not make a liability, if none exists by the wording of the paper signed. The liability of sureties and guarantors is fixed by the terms of their bond and can not be enlarged.

The obligation of McDonald to pay rent, under the terms of this guaranty, can not be established without a change in the words of the bond. For the court to make such change would be against the guarantor and contrary to the idea that he is a favorite of the law.

It is said that a rule never to be lost sight of in determining the liability of a surety or guarantor is, that he is a favorite of the law and has a right to stand upon the strict terms of his obligation, when such terms are ascertained. Brandt on Suretyship, Sec. 79; Wright v. Johnson, 8 Wend.

McDonald v. Harris.

516; Grant v. Smith, 46 N. Y. 93; Miller v. Stewart, 9 Wheat. 680 and 702; People, etc., v. Chalmers, 60 N. Y. 154; Lang v. Pike, 27 Ohio St. 498; Reynolds, etc., v. Hall et al., 1 Scam. 35; Sharp v. Bedell, 5 Gilm. 88; Gardiner v. Harback, 21 Ill. 129; Chicago & A. R. R. v. Higgins, 58 Ill. 128; People, etc., v. Tompkins, 74 Ill. 482; Ovington v. Smith, 78 Ill. 250; Cooper v. People, etc., 85 Ill. 417; Mix v. Singleton, 86 Ill. 194; Phillips v. Singer Mfg. Co., 88 Ill. 305; Burgett v. Paxton, 15 Brad. 379; Abrahams v. Jones, 20 Brad. 83.

COOKE & UPTON, attorneys for appellee.

"To entitle a party to a new trial on the ground of newly discovered evidence, he must show that such evidence could not be procured at the trial by the use of reasonable diligence. The fact that he did not believe evidence would be given upon an issue made, furnishes no excuse for not being prepared to meet it." Chapman v. Chapman, 129 Ill. 387; Tobin v. People, 101 Ill. 121; Dyk v. De Young, 133 Ill. 82.

"The attempt to bring forward additional evidence after the case is closed is regarded with disfavor and suspicion. The strong presumption is that by proper effort the party might have discovered the evidence and used it on the trial; and that his not having done so, is owing either to intentional omission or to unpardonable neglect. To rebut this presumption he must make out a case free from delinquency. His excuse must be so broad as to dissipate all surmise to the contrary. He must show that he was on the alert, but that notwithstanding the evidence eluded him. Before he can expect aid from this court he must satisfy it that he has tried to help himself. If the least fault be imputable to him, he will ask for relief in vain. It would lead to great abuse were any other course adopted. Parties knowing that if they failed for want of evidence they could get a new trial, would seldom come prepared. Often they would pur posely neglect to procure some material witness, in order that, by having the cause tried over again, they might pro-

tract the litigation. Besides, a party who has no excuse and no one to blame for defeat but himself, is not in a condition to ask a favor; nor would it be dealing fairly by the other side, under such circumstance, to grant it." Graham & Waterman on New Trials, 1026.

"It has been said by several courts that a strict construction in favor of the surety or guarantor should be adopted and all doubts resolved in his favor. The better and generally received opinion, however, is that this contract should be construed the same as any other contract, and that the same rule should be applied to ascertain the true intention of the parties. * * *

'We should never forget that letters of guaranty are commercial instruments, generally drawn up by merchants in brief language; sometimes inartificial, and often loose in their structure and form; and to construe the words of such instruments with a wise and technical care would not only defeat the intentions of the parties, but render them too unsafe a basis to rely on for extensive credits, so often sought in the present active business of commerce throughout the world.'

This whole subject has been thus ably summarized: 'In guaranties, letters of credit, and other obligations of sureties, the terms used and language employed are to have a reasonable interpretation according to the intent of the parties as disclosed by the instrument read in the light of the surrounding circumstances and the purposes for which it was made. If the terms are ambiguous the ambiguity may be explained by reference to the circumstances surrounding the parties and by such aids as are allowed in other cases, and if an ambiguity still remains, no reason appears why the same rule which holds in regard to other instruments should not apply; and if the surety has left anything ambiguous in his expressions, the ambiguity be taken most strongly against him.'" Brandt on Suretyship and Guaranty, Vol. 1, 133.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.
It is contended on behalf of appellant:

1st.   That the verdict is against the weight of the evidence as to the date of the execution of the guaranty.

2d.   That the guaranty does not, upon a strict construction of its terms, undertake to guarantee payment of rent.

3d.   That the court erred in giving certain instructions.

4th.   That a new trial should have been granted on the ground of newly discovered evidence.

There was a conflict in the evidence as to the time when the guaranty was executed.

Appellant testifies that it was not executed until June or July, 1891.   In this he is supported by the testimony of Hogan, Bremer and Blair.   Appellee testifies that the guaranty was executed on February 17, 1891, the date of the making of the lease, and before its delivery.   In this he is supported by the testimony of E. C. Keebler, A. C. Keebler and Blackall.   The testimony of all the witnesses is not equally direct as to the fact in issue.   On the one hand, Bremer says, " I have seen this (lease) or one like it, I don't know which."   Blair does not say that he has seen the lease, but testifies to a conversation between appellant and appellee, which would be inconsistent with the contention of appellee that the guaranty was executed February 17, 1891.   On the other hand, the two Keeblers and Blackall do not say that they saw the guaranty in February, 1891, but that they saw the lease with the guaranty thereon, with appellant's signature thereto, in April, 1891, which would be inconsistent with the contention of appellant that it was not executed until June or July, 1891.

The question of fact presented upon this conflicting testimony, involving as it does, the credibility of the witnesses, is peculiarly within the province of the jury; and when determined by them, and their conclusion sanctioned by the trial judge, we can be justified in disturbing such determination only when it is clearly against the weight of the evidence, or when error has intervened.   We can not say, after a careful examination of this record, that the verdict is clearly against the preponderance of the evidence.   The guaranty is sufficient, in its terms, to constitute a guaranty

of payment of rent.    It was not framed by lawyers, but by business men.

"In guaranties, letters of credit and other obligations of sureties, the terms used and language employed are to have a reasonable interpretation, according to the intent of the parties, as disclosed by the instrument read in the light of the surrounding circumstances and the purposes for which it was made."   1 Brandt on Suretyship and Guaranty, 133; Mason v. Pritchard, 12 East, 227; Mayer v. Isaac, 6 M. & W. 605; Hargreave v. Smee, 6 Bing. 244; Lee v. Dick, 10 Pet. 482; Lewis v. Dwight, 10 Conn. 95; Locke v. McVean, 33 Mich. 473; Crist v. Burlingame, 62 Barb. 351; First Nat. Bank v. Gerke, 68 Md. 449; Bailey v. Larchar, 5 R. I. 530; Hoey v. Jarman, 10 Vroom, 523.

Upon examination of the lease it is seen that the only "payment" provided is of rent, taxes, assessments and water rates, and it is covenanted that these payments are to be made by the lessee.    Evidently it was the intent of the guarantor to guarantee the payment of rent by lessee.

It is complained that the trial court erred in giving the first and fourth instructions at request of appellee.    The portions of the instructions complained of are as follows:

1st.   "The jurors are instructed that if they find from the evidence that defendant, McDonald, signed the written guarantee upon said lease before the acceptance of the same by the plaintiff, then the said defendant can not successfully interpose the defense of a want of consideration for said contract of guarantee so signed by him."

4th.   "The jurors are instructed that under the issues in this case the plaintiff, by the introduction of the lease in question and the written guarantee thereon, signed by the defendant, and by proof of the amount of rent due and unpaid, made out a *prima facie* case."

It is urged that the first instruction states the law incorrectly as to the consideration.    As applied to this case, this contention can not be maintained.    If the guaranty was executed simultaneously with the lease, there can be no question raised under the facts of this case as to considera-

tion.  9 Am. & Eng. Ency. 69; Klein v. Currier, 14 Ill. 237; Rich v. Hathaway, 18 Ill. 548.

It is argued that the fourth instruction incorrectly states that it will be presumed that a guaranty without date was made at the date of the instrument upon which the guaranty is given.  There was no error in this behalf, for such is the presumption in the absence of evidence to the contrary.  Klein v. Currier, *supra;* Gridley v. Capen, 72 Ill. 11.

The use of the words *prima facie* in this instruction did not make it objectionable.  A similar instruction is approved in Great Western R. R. Co. v. McDonald, 18 Ill. 172.

Finally, it is contended that the court erred in refusing a new trial upon the ground of newly discovered evidence. But to entitle a party to a new trial on the ground of newly discovered evidence, he must show that such evidence could not have been procured at the trial by the use of reasonable diligence.  The fact that he did not believe evidence would be given upon an issue made, furnishes no excuse for not being prepared to meet it.  Chapman v. Chapman, 129 Ill. 386; Dyk v. De Young, 133 Ill. 82.

And the newly discovered evidence must be something more than merely cumulative evidence.  Spahn v. The People, 137 Ill. 538.

There is no sufficient showing here of diligence, nor excuse for lack of it, in efforts to produce this same evidence upon the trial.  And, if produced, it would not be conclusive, but merely corroborative of the testimony of appellant.

We find no error in the record to warrant us in disturbing the judgment.  The judgment is affirmed.