## SOUTHWESTERN SURETY INS. CO. v. UNITED STATES FIDELITY & GUARANTY CO.

No. 8741—Opinion Filed April 29, 1919.

Rehearing Denied July 22, 1919.

(Syllabus by the Court.)

1. **Principal and Surety—Bond—Extent of Liability.**

A surety on a bond in a judicial proceeding cannot be held liable beyond the terms of the bond.

2. **Appeal and Error—Supersedeas—Power of Supreme Court.**

This court has the inherent power in all cases to require such a bond as will adequately protect the interest of the parties and secure enforcement of, and obedience to, any order which it has the inherent power to make.

3. **Principal and Surety—Bonds—Construction.**

Where the liability of a surety cannot be clearly determined from the language of the bond, resort may be had to the purpose of the bond, and to surrounding circumstances, in order to ascertain the intention of the parties.

4. **Appeal and Error—Supersedeas—Extent of Liability.**

Where the judgment of a trial court is affirmed by this court, and the aggrieved party procures a stay of mandate pending an application to the Supreme Court of the United States for a writ of error, and files a bond conditioned that it will prosecute its writ of error to effect and pay all damages and costs that may be adjudged against it, and it appears from the conditions of the order for stay of mandate and from the terms of the bond that it was intended only to secure the parties against damages and costs resulting from the stay of mandate, the surety on such bond will be held liable only for the costs and damages resulting from the stay of mandate, and not for the judgment and costs secured

by the supersedeas bond on appeal from the district court; the same being beyond the purpose and terms of the bond given for stay of mandate.

Error from District Court. Oklahoma County; George W. Clark, Judge.

Action by the Southwestern Surety Insurance Company against the United States Fidelity & Guaranty Company. Judgment for defendant, and plaintiff brings error. Affirmed.

G. A. Paul and J. T. Dortch, for plaintiff in error.

Ames, Chambers, Lowe & Richardson, for defendant in error.

HARRISON, J. This is an action against a surety on a bond and originated as follows: The Art Wall Paper Mills, a corporation, obtained judgment in the district court of Oklahoma county against J. W. Ripy & Son, a copartnership. From the judgment of the district court Ripy & Son appealed to this court, giving a supersedeas bond signed by the Southwestern Surety Insurance Company, as surety. The judgment of the district court was affirmed by this court, whereupon Ripy & Son applied to the Supreme Court of the United States for a writ of error, and in the meantime obtained a stay of mandate from this court for a period of 60 days. and gave a bond in this court signed by the United States Fidelity & Guaranty Company, as surety, conditioned:

"That plaintiff in error shall prosecute its writ of error to effect and answer all cost and damages that may be adjudged if it shall fail to make good its plea * * *"

—which is the bond sued upon herein. The writ of error was denied by the Supreme Court of the United States, and in due time after the expiration of the 60 days' stay this court issued its mandate to the district court, whereupon the Southwestern Surety Insurance Company, as surety on the supersedeas bond aforesaid, paid the judgment of the district court, and brought this suit in the district court against the United States Fidelity & Guaranty Company, as surety on the bond given as aforesaid in this court.

The district court decided in favor of the defendant, United States Fidelity & Guaranty Company, holding in effect that said company, by reason of its being surety on the bond given in this court, was not liable for the obligations assumed in the supersedeas bond given in the district court, and the Southwestern Surety Insurance Company, plaintiff below, appeals to this court.

The issue here is a question of liability, and extent of liability of the United States Fidelity & Guaranty Company under the bond given in this court.

It is contended by plaintiff that the bond in question was in its nature and effect a successive bond, that the defendant is liable for the whole amount of judgment and costs, and that plaintiff, having paid off the judgment in the district court, became subrogated to all the rights of the parties in whose favor said judgment was rendered. On the other hand, it is contended by defendant that the district court was correct in holding that defendant was not liable in any amount.

The question of liability, therefore, must be determined by the terms of the bond itself, for the contention that it was a void bond, or at least a bond which created no liability, cannot be sustained. For whether it was a statutory bond or a common-law bond or neither, is immaterial; this court had the inherent power to order a stay of its mandate, and in aid of such power had also the inherent power to require such bond as would enforce obedience to its order and protect the interest of the parties. The fact is that the bond was given and was signed by the United States Fidelity & Guaranty Company, as surety, which bond was filed in this court and approved by the Chief Justice; hence it must have been given for a purpose, and if the giving of said bond accomplished the purpose for which it was given, then the surety became liable for all things for which it assumed liability, but cannot be held liable beyond what the terms of the bond fairly import. Joint-Stock Bank v. Bailey (1899) App. Cas. 396; Lee v. Dick, 10 Pet. 482, 9 L. Ed. 503; Crist v. Burlingame, 62 Barb. (N. Y.) 351; Hoey v. Jarman, 39 N. J. Law, 523; Locke v. McVean, 33 Mich. 473; Pingrey on Suretyship, sec. 66.

The terms of the bond are as follows:

"Whereas, the above plaintiff in error seeks to prosecute its writ of error to the United States Supreme Court to reverse the judgment rendered in the above-entitled action by the Supreme Court of the state of Oklahoma: Now, therefore, the condition of this obligation is such that if the above-named plaintiff in error shall prosecute its writ of error to effect and answer all cost and damages that may be adjudged, if it shall fail to make good its plea, then this obligation to be void, otherwise to remain in full force and effect."

The exact liability of the surety is not made clear by the above condition; it is contended by plaintiff in error that it is a statutory bond in the nature of a supersedeas, and, being a statutory bond, all obligations required by statute to be assumed are to be read into the conditions of the bond. Thus it is conceded by plaintiff in error that the

language of the bond is not sufficient to cover all liabilities contemplated by statute. Hence we have a bond which defendant contends creates no liability, and which plaintiff concedes is not sufficiently clear to create the liability contemplated by statute. But as above stated the bond was given for a purpose, and, being ambiguous in its terms, or at least not clear in its terms, it should be construed in the light of the surrounding circumstances and purpose for which it was made. First Nat. Bank v. Geike, 68 Md. 449, 13 Atl. 358, 6 Am. St. Rep. 453; Lewis v. Dwight, 10 Conn. 95; McDonald v. Harris, 75 Ill. App. 111; Mason v. Pritchard, 12 East. 227; Pingrey on Suretyship, sec. 67.

The conditions in the order are as follows:

"Now on this 18th day of December, A. D. 1913, comes the plaintiff in error, J. W. Ripy & Son, by their attorneys, J. S. Jenkins and J. Will Laws, and, the court having under consideration the motion of the plaintiff for a stay of mandate pending appealing to the Supreme Court of the United States, and it being represented to the court that the said J. W. Ripy and O. P. Ripy, styled J. W. Ripy & Son, considered themselves aggrieved by the final decision of the court in rendering judgment against them in the above-entitled cause, and that they desire to apply for a writ of error to the Supreme Court of the United States, it is therefore ordered by the court that the mandate of this court be stayed for 60 days to give the said defendants time to prepare their record and present their petition for a writ of error to one of the Justices of the Supreme Court of the United States. This order is conditioned that said plaintiffs in error file in this court a good and sufficient bond in the sum of $7,000, conditioned according to law, to stay the mandate of this court, said bond to be filed in this court within 20 days from this date, upon failure to file said bond for $7,000 as aforesaid within 20 days from this date, then this order shall become void, and be without effect. [Signed] Samuel Hayes, Chief Justice of the Supreme Court of the State of Oklahoma."

It is evident from the above order that the bond in question was given for the purpose of staying the mandate, and that the mandate was stayed by the giving of the bond. The order plainly shows that it is given upon condition that plaintiffs in error file a good and sufficient bond, and also shows that the order shall become void upon failure to file same. Hence, construing the condition of the bond in the light of the condition of the order, it means that the surety agreed and bound itself to pay all cost and damage accruing as the result of the stay of mandate. This was the extent of the surety's liability. Banks v. Brown, 4 Yerg. (Tenn.) 198; Brandt on Suretyship (3d Ed.) sec. 520.

In this action it is not sought to hold the defendant on this liability. The cause of action is based upon the fact that the plaintiff company, having paid the judgment of the lower court, became thereby subrogated to all the rights of the party in whose favor such judgment was rendered, and upon the assumption that the bond in question was in the nature of a successive or cumulative bond, and that the United States Fidelity & Guaranty Company was liable thereunder for the entire amount of judgment and cost. but this contention cannot be sustained. The bond in question, construed in connection with the order of this court requiring it to be given, means no more than that it was given for the purpose of securing a stay of mandate, and that the sureties were liable only for the cost and damage resulting from this stay of mandate. The order granting the stay of mandate being within the inherent power of this court, the requiring of the bond in question to secure against damage by reason of the stay was also within the power of the court, and the bond was valid to the extent of liability assumed in order to accomplish the purpose, but, the action not being brought to recover on this liability, but being based upon facts for which defendant was not liable, the trial court was not in error in deciding in favor of defendant upon the issue presented.

The judgment is affirmed.

All the Justices consur.