## LOGAN et al. v. HOPKINS et al.

No. 10393—Opinion Filed March 28. 1922.

(Syllabus.)

1. **Principal and Surety—Bond—Liability of Surety.**

A surety on a bond in a judicial proceeding cannot be held liable beyond the terms of the bond.

2. **Bonds—Bond in Judicial Proceeding —Power of Courts to Require.**

The district court has the inherent power in all cases to require such a bond as will adequately protect the interest of the parties and secure enforcement of, and obedience to, any order which it has the inherent power to make.

3. **Same—Injunction—Principal and Surety—Bond to Dissolve Restraining Order —Liability of Sureties.**

Where the plaintiffs in an action pending in the district court to foreclose a materialman's lien upon certain premises and at the commencement of the suit procure to be issued a restraining order in said cause restraining the defendants from removing from the premises the improvements thereon upon which a materialman's lien is sought to be foreclosed, and where defendant files a motion to vacate the restraining order, and the court makes an order sustaining the motion on condition that the defendant shall, within five days, file a good and sufficient bond conditioned that the defendant will pay any judgment that may be rendered against it in said cause, and said bond contains no other defeasance than the failure to procure such judgment, and the defendant, who is principal on the bond, makes default in the action and the plaintiffs obtain judgment against the defendant and cause an execution to issue thereon, which is returned by the sheriff nulla bona, and the plaintiffs thereafter file an action against the sureties on such bond, their right of action may not be postponed or defeated by such sureties filing a written request that the plaintiffs, before further proceeding against them, proceed to enforce the liability of the stockholders of their principal in the bond, who is an industrial corporation and is insolvent, for the reason that the bond contains no such contingent liability in favor of the sureties.

4. **Same—Judgment Against Sureties—Affirmance.**

Record examined, and finding no reversible error therein, the judgment of the trial court is affirmed.

Error from District Court. Creek County: Ernest B. Hughes, Judge.

Action by Jess Hopkins and another against S. B. Logan and others on bond. Judgment for plaintiffs, and defendants bring error. Affirmed.

Wm. R. Watkins, for plaintiffs in error.

W. V. Pryor and C. B. Rockwood, for defendants in error.

JOHNSON, J. This is an appeal from the district court of Creek county; Hon. Ernest B. Hughes, Judge.

The record discloses that on the 22nd day of January, A. D. 1918, Jess Hopkins and

F. E. Bishop instituted an action in the district court of Creek county, state of Oklahoma, against S. B. Logan, Earl Foster, D. B. Brasel, and Tom Kennon for the sum of $1,901.04, with interest thereon from the 16th day of November, 1917, at the rate of 6% per annum, and $250 for attorney fees; said action being brought on bond executed by said defendants to said plaintiffs on the 9th day of June, 1917.

For convenience, we will refer to the parties as they appeared in the trial court.

On the 25th day of May, 1917, the plaintiff Jess Hopkins filed an action against the Logan Oil & Gas Company for the recovery of $1,387.04, with interest, attorney's fees, and costs, and for the foreclosing of a mechanic's lien against the said Logan Oil & Gas Company. On the 8th day of June, 1917, the plaintiff F. E. Bishop filed a petition of intervention in said action and asked judgment against the Oil & Gas Company in the sum of $295, together with costs and attorney fees. On the 26th day of May, 1917, the trial court made and entered a restraining order, restraining the defendant the Logan Oil & Gas Company from disposing of any of the property covered by the mechanic's lien of these plaintiffs.

On the 6th day of June, 1917, the Logan Oil & Gas Company appeared and filed a motion to dissolve said restraining order. Said motion came on for hearing on the 27th day of June, 1917; the court made an order that said restraining order should be dissolved, upon the condition that the said defendant, Logan Oil & Gas Company, should file a good and sufficient bond for the payment of any judgment which might be obtained against it in said action. In pursuance of said order, the defendant the Logan Oil & Gas Company, with S. B. Logan, Tom Kennon, D. B. Brasel, and Earl Foster as sureties, executed the required bond, which is in words and figures as follows:

"Bond.

"In the District Court of Creek County, Oklahoma.

"Jess Hopkins, Plaintiff, v. The Logan Oil & Gas Company, Defendants.

"Know All Men By These Presents:

"That we, the Logan Oil & Gas Company, a corporation, as principal, and S. B. Logan, Tom Kennon and D. B. Brasel, as sureties, are held and firmly bound unto Jess Hopkins, F. E. Bishop and the Oklahoma Casing Crew in the penal sum of $3,500.00, well and truly to be paid by ourselves, our successors, assigns, executors, administrators, heirs and legal representatives.

"The conditions of the above obligation are as follows, that

"Whereas, Jess Hopkins, claims that the Logan Oil & Gas Company is indebted to him in the sum of $1,387.04, and

"Whereas, the said Jess Hopkins has filed a mechanic's lien against the oil and gas lease and all fixtures and appliances used in connection with the development of said oil and gas lease on the southwest quarter (¼) of section 23, township 17 north, range 11 east, Creek county, Oklahoma, and

"Whereas, the said Jess Hopkins caused to be issued out of the district court of Creek county, Oklahoma, a restraining order restraining the said Logan Oil & Gas Company from disposing of or removing any of the fixtures or appliances from said above described oil and gas lease, and

"Whereas, F. E. Bishop has a claim against the Logan Oil & Gas Company amounting to $295 and has filed a mechanic's lien against the property of the said Logan Oil & Gas Company hereinabove described for said amount, and

"Whereas, the Oklahoma Casing Crew have a claim against said Logan Oil & Gas Company amounting to $65, and

"Whereas, it has been agreed by and between the Logan Oil & Gas Company and Jess Hopkins that the restraining order hereinbefore granted be dissolved upon the filing of a good and sufficient bond to be approved by the clerk of the district court of Creek county, Oklahoma.

"Now, therefore, if the said Logan Oil & Gas Company does pay to the said Jess Hopkins any judgment which he may recover against the said Logan Oil & Gas Company, including costs and attorney's fees, in the action now pending against the said Logan Oil & Gas Company, and if the said Logan Oil & Gas Company will pay to F. E. Bishop any judgment, including costs and attorney's fees, which he may obtain against the said Logan Oil & Gas Company, by virtue of his claim and lien against said Logan Oil & Gas Company, and if the said Logan Oil & Gas Company will pay to the Oklahoma Casing Crew any judgment which it may obtain against said Logan Oil & Gas Company by virtue of its claim against the said Logan Oil & Gas Company, including costs and attorney's fees, then this obligation to be null and void, otherwise to be and remain in full force and effect, and if suit is brought upon this bond, we further bind ourselves to pay all court costs and attorney's fees to be fixed by the court.

"Logan Oil & Gas Company,
"By S. B. Logan, President.
"Principal.
"J. H. Price, Secretary,
"(Seal)

"S. B. Logan,
"Tom Kennon,
"D. B. Brasel,
"Earl Foster."

On the 16th day of November, 1917, the trial court rendered its judgment in favor of the plaintiff Jess Hopkins, and against the defendant Logan Oil & Gas Company, in the sum of $1,567.24, and in favor of the plaintiff, the intervener, F. E. Bishop, in the sum of $333.80. On the 23rd day of November, 1917, execution was issued out of the district court against the defendant the Logan Oil & Gas Company, and the same was returned, "Nothing found and unsatisfied."

The only defense the defendants made in the trial court against the recovery of the plaintiffs on said bond is that they requested the plaintiffs to enforce their claim against the stockholders of the Logan Oil & Gas Company before proceeding any further with the action on the bond.

On the 27th day of June, 1918, the trial court rendered judgment in favor of the plaintiffs in the sum of $2,173.79, and from this judgment the defendants appealed.

The plaintiffs in error assign 8 specifications of error which they have summarized and discussed in their brief, as follows:

"The gist of the entire case is:

"Were the defendants relieved of liability on the bond for the plaintiffs' debts, or any part thereof, by the plaintiffs' failure and refusal to pursue their statutory remedy against the stockholders of the Logan Oil & Gas Company, who was the principal on the bond sued on herein?

"We will confine the argument to the points suggested in the specifications of error, to wit:

"The written request was sufficient in form to constitute an unequivocal requirement under the statute, for the plaintiffs to pursue their statutory remedy against the stockholders of the Logan Oil & Gas Company, which the sureties could not do. The written demand was served in due time on one who had authority to receive the same on behalf of the plaintiffs—their attorney in the very matter out of which the suit grew, and in this suit.

"By reason of the plaintiffs' failure to comply with defendants' demand, defendants are (a) discharged of all liability, or (b) at least as to Bishop's claim, and (c) Hopkins' claim for labor, (d) all costs, interest and attorney's fees."

The written request referred to by counsel was as follows:

"Dear Sirs:

"You are hereby requested that before proceeding further with the above entitled action against the defendants as sureties on the bond of the Logan Oil & Gas Company, described in your petition in said action, you enforce the liability of the stockholders, or any of them, of the Logan Oil & Gas Company, for the cause of action on which you have recovered judgment against said company and on which execution has been issued and returned and satisfied to the end that our burden as sureties may be lightened.

"For your information, the defendants in this action are also the stockholders of the Logan Oil & Gas Company.

"S. B. Logan,
"Earl Foster,
"Tom Kennon and
"D. B. Brasel,
..2w.       By Steele & Watkins,
"Their Attorneys.
—"Received by C. B. Lockwood, Feb. 12, 1918, C. B. R."

The contention of counsel is that under section 1362, Rev. Laws 1910, the failure of the plaintiffs to comply with such request relieved the defendants of liability on the bond. This contention of counsel presents the sole question for our determination. The provisions of the statute, supra, is as follows:

"The stockholders of any corporation formed for the purpose mentioned in this article shall be jointly and severally liable, in their individual capacities, for all debts due to mechanics, workmen and laborers employed by such corporation, which said liability may be enforced against any stockholder by an action at any time after an execution against such corporation shall be returned not satisfied; Provided, that such action be commenced within four months; Provided, further, that if any stockholder shall be compelled by any such action to pay the debts of any creditor, or any part thereof, he shall have the right to call upon all the stockholders to contribute their part of the sum so paid by him as aforesaid, and may sue them jointly or severally, or any number of them and recover in such action the ratable amount due from the person or persons so sued."

In support of this contention plaintiffs in error state in their brief:

"That the plaintiffs had a remedy which the defendants could not pursue. This remedy was mentioned in the demand which was duly served on plaintiffs' attorney sufficient time before the expiration of the four months' period mentioned in the statute, to enable them to comply with it without difficulty. The execution was returned, as above stated, on December 20, 1917, and plaintiffs' counsel received the demand on February 12, 1918, a little over a month and a half.

"It ought not require the citation of authorities on our part to maintain the proposition that the statutory remedy given to 'mechanics, workmen and laborers' under section 1362, is one that the defendants could not pursue in any event, situated as they are in the case. The right is a personal one to that class of employes coming within the description in the statute. * * *

"The justness of this provision of our laws is evident. It relieves sureties of the necessity of prosecuting litigation, the fruitfulness and advantage of which are perfectly dependent upon the diligence, and most times, the evidence, of the creditor himself. It is a harsh law that forces a man to take over a cause of action and prosecute himself, when he must, of necessity, rely largely upon the satified creditor whose zeal, because of his own security, is abated. We think, therefore, that the plain purpose of the statute is that payment by the surety leaves only such rights under the obligation itself which the creditor had against the principal and the cosureties. Collateral remedies are cut off. * * *

"It is pertinent to note that execution against the Logan Oil & Gas Company was returned not satisfied. This itself is an indication of insolvency. The president of the company testified on examination by the plaintiffs that the company was insolvent. He also testified that the shareholders of the company, at least forty of them, were solvent.

"The plaintiffs' neglect, then, was certainly prejudicial and damaging to the defendants. Their opportunity of reimbursement from their principal is valueless. What have they left but to pay plaintiffs, without chance of reimbursement from their principal or otherwise, and all because of the plaintiffs' neglect to pursue their statutory remedy against the shareholders, which the defendants could not do.

"If the statute means anything, it certainly was meant to cover situations just like the one presented here.

"The laws were on the statute book at the time this bond was made, and certainly no one can say that it was not contemplated that the sureties could demand the pursuit of a remedy against the company's stockholders. The bond was filed in the course of a legal proceeding at direction of the court, and both parties were represented by counsel. The statute became a part of the bond, and the defendants are entitled to the benefit of them, as much so as if all their provisions had been written in its face."

With this contention of counsel we cannot agree. We think that counsel have placed themselves somewhat in an inconsistent attitude. As we have shown, they say in their brief that the statutes became a part of the bond and that the defendants were entitled to the benefit of them, as much so as if all these provisions had been written in its face, stating, in effect, that the bond in question was a statutory bond; and it is true that if it were a statutory bond, the provisions of the statute requiring that the bond be given would be read into the bond, but the bond is not a statutory bond; there is no statute requiring that the bond be given, and it is not insisted that any such statute exists.

Counsel, in the statement of the case in their brief, says:

"Plaintiffs sued the defendants on a common-law contract bond, executed by the defendants as sureties and filed in an action brought by plaintiffs in the district court of Creek county. * * * The bond was filed to discharge a restraining order issued by the court against the oil company in the suit and was conditioned for the payment of any judgment the plaintiffs in that action might recover against the company."

This statement is clearly borne out by the record, and this being true, the measure of the sureties' liability is materially different from what it would be were the bond a statutory bond. In case of a statutory bond, to determine the liability of the sureties resort is had both to the terms of the bond and the provisions of the statute requiring that the bond is given. Where the bond is merely a common-law obligation, the liability of the sureties, where the bond is unambiguous, cannot extend beyond the terms of the bond, but is measured thereby.

The situation presented here is that the bond in question was executed by the order of the court in the course of a judicial proceeding, the record disclosing that the trial court, upon the hearing of the motion to vacate the restraining order theretofore issued by the court in the cause, granted the motion on the condition that the defendant in the action, the principal in the bond, the Logan Oil & Gas Company, tender and offer to file in this cause its good and sufficient bond in the sum of $3,500 to satisfy any judgment which might be obtained against it in this action, granting the defendant five days in which to file its bond; in pursuance of which order of the court the bond in question, with the defendants as sureties, was filed.

In the case of Southwestern Surety & Insurance Co. v. U. S. Fidelity & Guaranty Co., 75 Okla. 232, 182 Pac. 522, this court had under consideration the question of the liability of sureties upon a bond given in a judicial proceeding in pursuance of an order of the court requiring the same, and an-

nounced the rule of such liability in the following language in the syllabus of the case:

"1. A surety on a bond in a judicial proceeding cannot be held liable beyond the terms of the bond.

"2. This court has the inherent power in all cases to require such a bond as will adequately protect the interest of the parties and secure enforcement of, and obedience to, any order which it has the inherent power to make.

"3. Where the liability of a surety cannot be clearly determined from the language of the bond, resort may be had to the purpose of the bond, and to surrounding circumstances in order to ascertain the intention of the parties."

The principles announced in the case, supra, we think are clearly applicable to the bond in question. The trial court in the instant case had the inherent power to require that the bond in question be given and to fix all the conditions thereof, the evident purpose of which was fully set out in unambiguous language, which is as follows:

"Now, therefore, if the said Logan Oil & Gas Company does pay to the said Jesse Hopkins any judgment which he may recover against the said Logan Oil & Gas Company, including costs and attorney's fees, in the action now pending against the said Logan Oil & Gas Company, and if the said Logan Oil & Gas Company will pay to F. E. Bishop any judgment, including costs and attorney's fees, which he may obtain against the said Logan Oil & Gas Company by virtue of his claim and lien against the said Logan Oil & Gas Company, and if the said Logan Oil & Gas Company will pay to the Oklahoma Casing Crew any judgment which it may obtain against the said Logan Oil & Gas Company by virtue of its claim against the said Logan Oil & Gas Company, including costs and attorney's fees, then this obligation to be null and void, otherwise to be and remain in full force and effect, and if suit is brought upon this bond, we further bind ourselves to pay all court costs and the attorney's fees to be fixed by the court."

The liability assumed by these defendants as sureties for their principal was purely contractural and entirely independent of the statute. And the provisions of the statutes cited by counsel have no application. The sole contingency provided for in the bond, that the plaintiffs in action No. 6170 recover a judgment against the principal in the bond, having happened, then the indefeasible promise of the defendants to pay the amounts of the judgments, interest and attorney fees, became absolute, and the trial court so held.

The judgment of the trial court is, therefore, affirmed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.