## BOYLE v. MONTAGUE et al.

No. 24610.   Sept. 10, 1935.

Roscoe Harper and Gentry Lee, for plaintiff in error.

Massingale, Duff & Manatt, for defendants in error.

PER CURIAM. This is an action on an appeal bond and originated as follows: The plaintiff, A. F. Montague, instituted an action in the justice of the peace court of H. J. Gray against the defendant, Edward Rich, to recover possession of real property under the Forcible Entry and Detainer Act (St. 1931, sec. 917 et seq.). In justice court the plaintiff prevailed and the defendant appealed to the district court, which later transferred the case to the court of common pleas.

In order to perfect his appeal Rich gave an appeal bond of which the material provisions are as follows:

"Know all Men By these Presents:

"That whereas Edward Rich, the defendant herein, intends to appeal to the district court in and for the county of Tulsa, and state of Oklahoma, from the judgment rendered against him in the above-entitled action on the 10th day of July, 1931, now, therefore, he, as principal herein and P. M. Mc-Givern, E. D. Forquer, and J. H. Boyle, as sureties, are by these presents held and firmly bound to the plaintiff herein, A. F. Montague, in the minimum sum of fifty dollars ($50.00) lawful money of the United States, well and truly to be paid to him, his heirs or assigns, and this obligation is conditioned that the said defendant will diligently prosecute his said appeal herein to effect and will not commit or suffer waste to be committed on the premises in controversy, and if, upon the further trial of the cause, judgment be rendered against him, he will pay double the value of the use and occupation of the said premises from the date hereof until the delivery thereof pursuant to the judgment as well as all costs and damages that may be awarded against him.

"Edward Rich,
"P. M. McGivern,
"E. D. Forquer,
"J. H. Boyle."

The trial in the court of common pleas resulted in a judgment for the plaintiff for the possession of the premises in controversy. This action was then instituted by the plaintiff against Rich and his sureties to recover double the value of the use and occupation of said premises, upon the trial of which cause the plaintiff recovered judgment against all of the defendants for the sum of $661.50, from which judgment the defendant J. H. Boyle appeals.

The parties herein will be hereafter referred to as they appeared in the court below; A. F. Montague as plaintiff and J. H. Boyle as defendant.

It is contended by the defendant Boyle that his liability under said bond was limited to the sum of $50, and that the trial court erred in not so instructing the jury.

The sole question to be determined in this case is the proper construction of the terms of the appeal bond given in the forcible entry and detainer case. If the liability of defendant Boyle by the terms of said bond was limited to the sum of $50, then this case should be reversed, if not so limited, then the judgment should be affirmed.

It is evident that the justice who prepared the appeal bond did not quite understand just how to prepare the bond and he evidently had in mind the general statute on appeals as well as the statute governing appeals in forcible entry and detainer cases, and so inserted in the body of the bond the words "in the minimum sum of $50." He then proceeds to incorporate into the bond the provisions of the appeal statute in forcible entry and detainer cases, being section 1019, C. O. S. 1921 (sec. 1021, O. S. 1931), using the language of the statute as follows:

"And this obligation is conditional that the said defendant will diligently prosecute his said appeal herein to effect and will not commit or suffer waste to be committed on the premises in controversy, and if, upon the further trial of this cause, judgment be rendered against him, he will pay double the value of the use and occupation of said premises from the date hereof until the delivery thereof pursuant to the judgment as well as all costs and damages that may be awarded against him."

The plaintiff in error invokes the rule of strict construction and cites numerous authorities which hold that the sureties on official bonds cannot be held beyond the strict terms of their engagement, and their liability cannot be extended by implication beyond the terms of their contract. There is no doubt but this is the general rule, especially as applied to common-law bonds. The bond in the instant case was given by the defendant Rich to enable him to appeal his case to the district court. The statute authorizing such appeal prescribes the terms of the bond. All these terms and conditions were incorporated in the bond, and by its terms the defendant became liable to the plaintiff for double the value of the use and occupation of the premises from the date of said bond until the delivery of said premises pursuant to the judgment, as well as all costs and damages.

The question is, Was the liability of defendant Boyle, by the terms of the bond, limited to the sum of $50? We think not.

1. Where the liability of a surety cannot be clearly determined from the language of the bond, resort may be had to the purpose of the bond, and to surrounding circumstances, in order to ascertain the intention of the parties.

This rule was promulgated in Southwestern Surety Ins. Co. v. United States Fidelity & Guaranty Co., 75 Okla. 232, 182 P. 522, and cited with approval in Logan v. Hopkins, 85 Okla. 278, 205 P. 1095.

In the last cited case the court also stated in its opinion by Justice Johnson that:

2. In case of a statutory bond, to determine the liability of the sureties, resort is had both to the terms of the bond and the provisions of the statute requiring that the bond be given.

The defendant in the forcible entry and detainer case gave the bond in question to perfect his appeal to the district court; defendant Boyle signed the bond in order that such case could be appealed. The words, "in the minimum sum of $50," were wholly unnecessary, and had no proper place in the bond. The bond would have been complete without any sum being mentioned in the bond, and as these words were unnecessary and indefinite as to their meaning, the bond in the present case should be construed so as to give the bond effect according to the intention of the parties. It was clearly the intention of the sureties to give such a bond as would comply with the terms of the statute and enable the defendant in the forcible entry and detainer case to perfect his appeal. As the provisions of the statute were incorporated in the bond, we hold that the sureties were bound thereby, and that the words, "in the minimum sum of $50," did not limit the liability of the sureties to that sum.

The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys R. M. Chas, Arthur Sutton, and H. C. Crandall in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Chase and approved by Mr. Sutton and Mr. Crandall, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.