## KANSAS CITY, M. & O. RY. CO. v. ROE.

No. 4658.    Opinion Filed July 20, 1915.

(150 Pac. 1035.)

1.  **DEATH—Measure of Damages—Dependent Children.** In an action brought for the benefit of dependent children, the correct measure of damage to be assessed in a case under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 St. 291 [U. S. Comp. St. 1913, secs. 8657-8665], printed in full in 223 U. S. 6, 56 L. Ed. 330, 38 L. R. A. [N. S.] 46, 32 Sup. Ct. 172), is the pecuniary loss to such dependent children by reason of the wrongful death of the parent; that is, such an amount as deceased would reasonably be expected, under all the facts and circumstances in the case, to have contributed towards the maintenance and education of his dependent children.

2.  **TRIAL—Instructions.** The instructions of the court should clearly and intelligently set forth the law applicable to the issues and evidence submitted, without being conflicting, confusing, or misleading.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Major County;*

*James W. Steen, Judge.*

Action by A. A. Roe, as administrator of the estate of C. W. Rue, deceased, against the Kansas City, Mexico & Orient Railway Company. Judgment for plaintiff and defendant brings error. Reversed and remanded.

*John A. Eaton, Dudley W. Eaton, Hyden J. Eaton,* and *F. W. Fisher,* for plaintiff in error.

*Harry Randall* and *E. C. Wilcox,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought by A. A. Roe, as administrator of the estate of C. W. Rue, deceased, against the Kansas City, Mexico &

Orient Railway Company, for $25,000, for the death of C. W. Rue, in which it is claimed that Rue came to his death on the 18th day of December, 1909, on account of the negligence of the defendant company while he was acting as a conductor of a train engaged in interstate commerce, said train consisting of a switch engine and several cars of coal, the same being taken from Clinton, Okla., to Altus, Okla., and claimed by the plaintiff to be a part of the continuous act of transportation from McCurtain, Okla., to Benjamin, in the State of Texas.

The court instructed the jury:

"The amount of recovery to which the plaintiff is entitled in this case, should you find for the plaintiff, must of necessity be left to the good sense and sound judgment of the jury, and you will take into consideration all the facts and circumstances of the case, as shown by the evidence, that in any way tend to show the pecuniary value of the life of the deceased to his surviving children, his capacity to earn money and accumulate property, his inclination to provide support for his children, his condition of health, the probable duration of his life, the age, sex, and condition of the lives of his children who are left dependent for care, support, maintenance, and education, and every other fact and circumstance shown in evidence that in any way shows an estimate of the just measure of the value of such life. In determining the duration of his life, you may take into consideration the table introduced in evidence showing the probable length of time that said deceased would have lived had he not met his death at the time he did, and you are to estimate all the various items of damage and place the sum in one sum of your verdict, not exceeding the sum claimed in the petition. But in assessing damages you must do it dispassionately, and should not act either miserly or with reckless extravagance, but should assess such an amount as your own good judgment tells you would provide the

means of caring for, educating, and properly training the children of the deceased, based on the former part of this instruction."

The correct measure of damage to be assessed in a case under the federal Employers' Act is the pecuniary loss to the dependent children by reason of the wrongful death of the parent; that is, such an amount as the deceased would reasonably be expected, under all the facts and circumstances in the case, to have contributed towards the maintenance and education of such children.

In the case of *Michigan Central Railroad Co. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176, the court said:

"The financial benefit which a wife might reasonably expect from her husband in a pecuniary way is the measure of damages in an action brought against an interstate railroad carrier under the Employers' Liability Act of April 22, 1908, for the benefit of the widow of an employee killed while engaged in interstate commerce." *American Railroad Co. of Porto Rico v. Didricksen et ux.,* 227 U. S. 149, 33 Sup. Ct. 224, 57 L. Ed. 456; *Morgan v. Southern Pacific Co.,* 95 Cal. 510, 30 Pac. 603, 17 L. R. A. 71, 29 Am. St. Rep. 143; *Norfolk & Western Railway Co. v. Holbrook, Adm'r,* 235 U. S. 625, 35 Sup. Ct. 143, 59 L. Ed. —, and cases there cited.

It will be noticed that the several paragraphs of the foregoing instruction conflict on a material and vital question as to the measure of damages. The first paragraph provides that the amount of recovery to which plaintiff is entitled in this case, should the jury find for the plaintiff, must of necessity be left to the good sense and sound judgment of the jury, and that they are to take into consideration all the facts and circumstances of the case, as shown by the evidence, that in any way tend to

show the pecuniary value of the life of the deceased to his surviving children. The last paragraph of the instruction provides that in assessing damages the jury must do it dispassionately, and should not act either miserly or with reckless extravagance, but should assess such an amount as their own good judgment tells them would provide the means of caring for, educating, and properly training the children of deceased. Men differ in their opinion as to what is necessary to care for children. Some might think a common school education sufficient, while others might think a higher education necessary. This portion of the instruction conflicts with the former part thereof, which instructs the jury that the measure of damage is the pecuniary value of the life of the deceased to his dependent children.

In the case of *Payne v. McCormick Harv. & Machine Co.*, 11 Okla. 318, 66 Pac. 287, this court held:

"The instructions of the court should clearly and intelligently set forth the law as applicable to the issues and evidence submitted, without being conflicting, contradictory, confusing, or misleading."

After an examination of the entire record, we are of the opinion that the instruction is conflicting, confusing, and misleading, and constitutes prejudicial error, and the closing sentence, "based on the former part of this instruction," does not relieve the instruction of its confusing and prejudicial character.

The cause should therefore be reversed and remanded.

By the Court: It is so ordered.