## PETROLEUM IRON WORKS CO. v. BULLINGTON.

No. 7919—Opinion Filed Nov. 28, 1916.

(161 Pac. 538.)

### 1. Trial—Demurrer to Evidence.

It is only where the evidence with all the inferences to be drawn therefrom is insufficient to support a verdict for the plaintiff that a demurrer to the evidence can properly be sustained, or a verdict directed for the defendant. ·

### 2. Appeal and Error—Instructions—Prejudicial Error.

The jury is not supposed to know when the court correctly or incorrectly states the law, and it is prejudicial error for the court to give conflicting instructions to the jury, and thus leave the jury to decide conflicting principles of law.

### 3. Trial—Injuries to Servant—Inconsistent Instructions.

Instructions numbered 15½ and 19, respectively, given in this case, carefully considered, and held to be in direct conflict.

(Syllabus by Collier, C.)

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by James Bullington against the Petroleum Iron Works Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Keaton, Wells & Johnston and L. V. Orton, for plaintiff in error.

McNeill & McNeill, for defendant in error.

Opinion by COLLIER, C. Suit was brought by James Bullington against the Petroleum Iron Works Company, to recover damages for personal injuries alleged to have been sustained by the negligence of said company.

The negligence alleged, upon which recovery is predicated, is that the defendant negligently constructed and maintained steps without banisters, leading from the ground to the top of a tank upon which the plaintiff was employed.

The defendant demurred to the petition, which was overruled and excepted to. Thereupon the defendant filed his answer denying each and every allegation of the petition, except that the plaintiff was in its employ at the time stated; (2) that the injury occurred by reason of plaintiff's own negligence directly contributing thereto; (3) that plaintiff was familiar with the character of the steps referred to and assumed all risks incident to ascending and descending the same. To this answer the plaintiff replied, denying each and every material allegation, except that the steps were open and visible.

The uncontradicted evidence is that the plaintiff was employed as a laborer by defendant; that he ascended said steps in the morning, descended said steps at noon, and that he again ascended said steps, and in descending said steps at the completion of his day's work, with the other persons engaged with him in the work, that he fell from said steps and was severely injured. It is further in evidence that said gang of workmen, working with the said Bullington, were being directed by a foreman known as the "Bull Gang Boss"; that banisters had been furnished for said steps and were lying on the ground near said steps, but had not been attached to same; that said steps shook when persons were upon them, and there was nothing at the sides of the steps to pre-

vent persons from falling off; that plaintiff had not complained of the condition of the steps; that he was unaccustomed to the character of work in which he was engaged, and he admitted that he had signed a written statement some time after the accident in which he said:

"There was some kind of a piece on one of the steps. I caught my heel on this piece and that knocked my step off and caught my heel on something and knocked the heel off my slipper. When my foot struck the piece it sounded like iron. I fell off the steps and fell down underneath."

Upon the completion of the testimony, the defendant demurred thereto, which was overruled and excepted to. Thereupon the defendant requested the court to direct a verdict for the defendant, which was overruled and excepted to.

Among other instructions given by the court are instructions numbered 15½ and 19. respectively, which read as follows:

"No. 15½. You are further instructed that an employer is not liable to an employe on account of any injuries sustained by such employe from the negligence of a fellow servant, and all such persons engaged in the same common work are fellow servants, even though one may be a foreman in general charge of the job."

"No. 19. Where the master gives to a person power to superintend, control, and direct the men engaged in the performance of work, such person, as to the men underneath him, is a vice principal, and it can make no difference whether he is called a superintendent, conductor, boss or foreman. For his negligent acts and omissions in performing the duties of the master the master is liable."

To the giving of said instruction No. 19, the defendant duly excepted, and assigns the same as error. The jury returned a verdict in favor of the plaintiff in the sum of $........ Within the statutory time, the defendant moved for a new trial, which was overruled, excepted to, and judgment rendered upon the verdict. To reverse said judgment, defendant brings error.

We are of the opinion that the petition was not subject to the demurrer directed against it, and that the court did not err in overruling the same.

"Where the evidence presents an issue of fact, whether clear or obscure, it is the duty of the court to submit such issue to the jury for its determination." Blair v. Lewis, 57 Okla. 707, 157 Pac. 905.

"It is only when the evidence, with all the inferences that the jury can reasonably draw therefrom, is insufficient to support a verdict that the court is authorized to direct a verdict for the defendant." St. L. & S. F. R. Co. v. Clampitt, 55 Okla. 686, 154 Pac. 40.

Applying the foregoing rules to the demurrer to the evidence and the request for a directed verdict, we are unable to see that the court committed prejudicial error in overruling the demurrer to the evidence or in refusing to direct a verdict.

We are of the opinion that the giving of instruction No. 19 was prejudicial error, by reason of the fact that said instruction is in conflict with instruction No. 15½. By instruction No. 15½ the jury are instructed that all the persons engaged in the same kind of work are fellow servants, even though one may be a foreman in general charge of the job, and that the employer is not liable to an employe on account of injuries sustained from the negligence of such fellow servant. while in instruction No. 19 the jury are instructed that where the master gives power to superintend, control, and direct men engaged in the performance of work that he is to the men under him a vice principal, whether he is called superintendent, conductor, or foreman, and for the negligent acts and omissions of such person the master is liable. In other words, in one instruction the court in effect instructs the jury that the company is liable for the negligent acts of the said "Bull Gang Boss." and on the other hand he instructs the jury that the company was not liable for the acts of the said "Bull Gang Boss," thus leaving the jury to select or determine the law of the case.

"The instructions of the court should clearly and intelligently set forth the law applicable to the issues and evidence submitted, without being conflicting * * * or misleading." K. C., M. & O. R. Co. v. Roe, 50 Okla. 104, 150 Pac. 1035.

"The jury should not be left to decide between conflicts in the charge, without having their attention directed thereto by the court and being instructed as to which of the antagonistic principles is correct and applicable, and which should be disregarded." Savannah Electric Co. v. McClelland, 128 Ga. 87, 57 S. E. 91.

"Where two contradictory instructions are given a new trial will ordinarily be granted. unless it plainly appears that the jury have not been misled thereby." Union Pac. R. Co. v. Jno. W. Millikin, 8 Kan. 647.

"Conflicting or contradictory instructions furnish no correct guide to the jury, and the giving thereof is erroneous. Instructions of this character are misleading, as the jury is not supposed to know when the judge states the law correctly or incorrectly, and they should not be left to decide conflicting principles of law. * * * The giving of contradictory instructions is ordinarily held as grounds for reversal." 38 Cyc. 1604F, and authorities therein cited.

It follows that the court committed prejudicial error in refusing to grant a new trial.

This cause should be reversed and remanded.

By the Court: It is so ordered.