**HINES, Director Gen. of R. R., v. DEAN.**

No. 12147—Opinion Filed Nov. 20, 1923.

(Syllabus.)

**1. Negligence — "Actionable Negligence."**
In order to constitute actionable negligence there must exist a duty on the part of the party charged, a failure of the party charged to perform that duty, and the existence of injury which is the proximate result of failure to perform such duty.

**2. Railroads -– Injuries at Crossings — Negligence — Instructions.**
An instruction, which charged the jury that the defendant was charged by statute with the duty of giving certain signals, and, if the jury believed the defendant failed to give such signals, the plaintiff would be entitled to recover as a matter of law unless the jury found that the plaintiff was guilty of negligence which contributed to the injury, was erroneous.

**3. Appeal and Error — Review — Conflicting Instructions.**

Where instructions are inaccurate and incomplete, and the inaccuracy or incompleteness is cured by other instructions, and it is apparent the jury has not been misled, a case will not be reversed because of such inaccurate and incomplete instructions; but the jury is not supposed to know when the court correctly or incorrectly states the law, and it is prejudicial error for the court to give conflicting instructions to the jury where such conflicting instructions leave the jury to decide conflicting principles of law on material issues in the case.

**2. Damages — Permanency of Personal Injuries — Expert Testimony.**

Where the injuries complained of are of such character as to require skilled and professional men to determine the cause and extent thereof, the question of the permanency of the injury is one of science and must necessarily be determined by the testimony of skilled professional persons; but where the injuries sustained were of such character as not to require skilled and professional men to determine whether the injuries were permanent, it was not error to submit the question of the permanency of the injuries to the jury in the absence of expert evidence of the permanency of the injury.

**5. Same — Insufficiency of Evidence.**

It is error to submit to the jury the question of recovery for future pain and suffering where the nature of the injury is not such that laymen can with reasonable certainty know whether or not there will be future pain and suffering, and where the testimony of expert witnesses on that point is lacking.

**6. Negligence — Contributory Negligence — Instructions.**

While it is well established by the decisions of this court that the trial court should not instruct the jury that if a certain state of facts is found to exist such facts constitute contributory negligence and the plaintiff cannot recover, it is nevertheless the duty of the trial court to instruct the jury, upon request being made, what duty the law imposes upon the plaintiff as well as the defendant and that a breach of that duty is negligence.

**7. Railroads — Negligence at Crossing — Instructions.**

Requested instruction No. 5 contained a correct statement of the duty of a person about to cross a railroad track, but the court did not err in refusing to give the same, as the other instructions sufficiently covered the question of law.

Error from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Action by Norma Dean, by her next friend, D. E. Dean, against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

W. F. Evans, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

E. W. Smith, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error to recover damages for personal injuries sustained by her, resulting from a collision between a Ford automobile driven by the defendant in error, with a locomotive operated on the S. L. & S. F. Ry. Co's. line. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

The defendant complains of the giving of instruction No. 7, which was as follows:

"The court instructs the jury that if you conclude that the defendant failed to give the signals required by the statute and hereinbefore explained to you, as a matter of law the plaintiff would be entitled to recover such damages as you may conclude she has sustained, unless you further find from the evidence in the case that the plaintiff was guilty of negligence which contributed to the injury."

In order to constitute actionable negligence there must exist a duty on the part of the party charged, and a failure of the party charged to perform that duty, and the existence of injury which is the proximate result of failure to perform such duty. The instruction charged the jury that the plaintiff would be entitled to recover as a matter of law if the defendant failed to perform the duty required by statute relative to giving signals, and did not advise the jury that it was necessary that this failure to perform a statutory duty must have been the proximate result of the injury to the plaintiff. The instruction was therefore erroneous. The only question, then, is whether the other instructions given by the court, taken together with this erroneous instruction made it apparent that the jury was not misled by the giving of this erroneous instruction. While we have held that where instructions are inaccurate or incomplete, and the inaccuracy or incompleteness is cured by other instructions and it is clear that the jury has not been misled, a case will not be reversed because of the inaccurate or incomplete instructions, in Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538, the court said:

"The jury is not supposed to know when the court correctly or incorrectly states the law, and it is prejudicial error for the court to give conflicting instructions to the jury and thus leave the jury to decide conflicting principles of law."

To the same effect are the cases of K. C., M. & O. Railway Company v. Roe, 50 Okla. 105, 150 Pac. 1035, and Union Pacific Railway Company v. Milliken, 8 Kan. 647.

The plaintiff contends that the error in instruction No. 7 is cured by instruction No. 3, which is as follows:

"The jury are instructed that before the plaintiff can recover, she must prove by a preponderance of the evidence that her injuries were caused in the manner alleged in the petition, and that the defendants were guilty of one or more of the acts of negligence alleged in the petition, and that said act or acts were the direct and proximate cause of said injuries"

—and instruction No. 6, which is as follows:

"The court instructs you, gentlemen of the jury, that the law requires the defendant to ring the bell or sound the whistle 80 rods before reaching a public crossing, and that a failure to do this is negligence, so that in this case if you believe from the preponderance of the evidence that the defendant was negligent in this regard, and that such negligence was the proximate cause of the injury, and that the plaintiff exercised ordinary care for her own safety, your verdict should be for the plaintiff."

We cannot say in this case that the inaccuracy in instruction No. 7 is cured by instructions 3 and 6. In instruction 6 the jury is advised that the law required the defendant to give signals, and that the failure on the part of the defendant to give the same was negligence, and that if this negligence was the proximate cause of the injury, the verdict should be for the plaintiff. This was immediately followed by instruction 7, which advised the jury that if the defendant failed to give signals required by the statute, the plaintiff will be entitled to recover as a matter of law unless the plaintiff was guilty of contributory negligence. Instead of the instructions, taken as a whole, clearly and adequately stating the law to the jury, so that the jury could have a definite statement of the law covering the case, these instructions serve no other purpose than to mislead and confuse the jury. We are of the opinion that the giving of instruction No. 7 was prejudicial error.

The defendant next complains of the giving of instruction No. 8, under which the jury was permitted to consider the permanent injury to the plaintiff in fixing the amount of her recovery, and also permitting the jury to consider future pain and suffering on the part of the plaintiff in fixing the amount of her recovery. The defendant contends that there is no evidence of permanent injury and no evidence justifying the recovery for future pain and suffering. An examination of the record discloses that, although a physician attended the plaintiff after she received her injury, he did not testify as a witness in the case and there was no testimony introduced in regard to the injury, its nature, and extent, except the plaintiff's, and her testimony in this regard was as follows:

"I was bruised, I couldn't even laugh for a long time, it hurt so; my skin was all black and blue; it has injured my knee. I can walk on level ground good, or on a pavement, smooth—but when I step in a ditch I fall, and can't straighten it out at all. I couldn't walk on it for a long time. I wasn't worth anything for a long time afterwards, and not yet, I can't lift anything. If I step in any uneven place, I fall. My knee never has been straight since the day of the accident. Anybody can see that. I couldn't move for two weeks. I can walk pretty good now, on level ground. I can tell when the weather changes, my leg cramps and hurts when—in that knee, every time the weather changes."

In Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785, it was said:

"It is the settled rule that, where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be determined by the testimony of skilled professional persons"

—but in the instant case the meager evidence which was introduced in the case shows that the injuries sustained by the plaintiff were objective in character and were not of such a character as to require skilled and professional men to determine whether the injuries were permanent. As stated, the evidence in this regard is meager, but the trial court had the plaintiff before it and it is not unreasonable to presume, in the absence of other testimony, that the appearance of the injured limb was sufficient to justify the submission of this question to the jury, and we are of the opinion that the submission of the same to the jury is justified by the holding of this court in St. Louis, I. M. & S. Ry. Co. v. Cantrell, 63 Okla. 187, 164 Pac. 110.

On the question of submitting for the consideration of the jury the future pain and suffering of the plaintiff, we are of the opinion that there is no evidence in the record justifying such submission. In Shawnee-Tecumseh Traction Company v. Griggs, 50 Okla. 566, 151 Pac. 230, this court said:

"There are two rules by which the question of future pain and suffering may be submitted to the jury: If the injury is objective and it is plainly apparent, from the very nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, then most certainly the plaintiff would not be required to prove a fact so plainly evident, and upon making proof of such an objective injury the jury may infer pain and suffering in the future. * * * Where the injury is subjective, and of such a nature that laymen cannot, with reasonable certainty, know whether or not there will be future pain and suffering, then, in order to warrant an instruction on that point, and to authorize a jury to return a verdict for future pain and suffering, there must be offered evidence by expert witnesses learned in human anatomy, who can testify, either from personal examination or knowledge of the history of the case, or from a hypothetical question based on the facts, that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering, as a result of the injury proven."

While the testimony shows that at the time of the trial the plaintiff still suffered some pain at times, there is no testimony from which it can be determined whether the pain and suffering would continue, and, if so, for how long; neither does it appear from the nature of the injury that the jury could determine that fact from the nature and character of the injury. This testimony is too indefinite and uncertain upon which to base a substantial recovery for future pain and suffering.

The defendant next complains of the refusal of the trial court to give the following instruction:

"You are instructed, therefore, that it is the duty of a person about to cross a railroad track to make a vigilant use of their senses in order to ascertain if a train is approaching, and it was the duty of the plaintiff, on approaching the tracks of the defendant, to look and listen for approaching trains before attempting to cross said track, and it was her duty to keep her faculties in active exercise and not permit her attention to be diverted from the danger before her, and this duty rested upon her with respect to the track which she was attempting to cross at the time she

was struck by one of the defendant's trains."

It is contended by the plaintiff that the refusal of this instruction was not error because the question of contributory negligence is one for the jury, and that this court so held in Wichita Falls & N. W. Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209.

"The court should simply define the meaning of the term 'contributory negligence' as used in section 6, art. 23, Williams' Constitution, and leave it to the jury to say whether the plaintiff's negligence had or had not contributed to. the injuries complained of."

Under the above case and a long line of other decisions, this court has committed itself to the view that the trial court should not instruct the jury that if a certain state of facts is found to exist, such facts constitute contributory negligence and the plaintiff cannot recover; but none of these cases holds that it is not the duty of the trial court, upon proper request being made, to instruct the jury what duty the law imposes upon the plaintiff as well as the defendant and that a breach of that duty is negligence. In no other manner can the jury be advised as to the relative duties of the parties. The requested instructions correctly stated the duty resting on a traveler upon a public highway before entering upon a railway crossing. M., K. & T. Ry. Co. v. Stanton, 78 Okla. 167, 189 Pac. 753; C., R. I. & P. Ry. Co. v. Barni, 32 Okla. 540, 122 Pac. 926; St. Louis & S. F. R. Co. v. Model Laundry, 42 Okla. 501, 141 Pac. 970. Such being the duty of the plaintiff, it was the duty of the trial court to instruct the jury as to that duty, proper request having been made. We are of the opinion that instruction No. 11, given by the trial court, sufficiently covered this question of law, and it was not error for the court to refuse to give instruction No. 5.

For the reasons stated, the judgment for the trial court is reversed, and the cause remanded, with directions to grant a new trial.

McNEILL, V. C. J., and NICHOLSON. HARRISON, and MASON JJ., concur.