## MIDLAND VALLEY R. CO. v. WHITE.

No. 15016—Opinion Filed March 24, 1925.

**1. Negligence — Contributory Negligence Jury Question.**

The Constitution of our state has made the question of contributory negligence one of fact for the jury. The rule applies with equal force to both parties in the action.

**2. Same—Determination.**

The standard for guiding the jury in considering the question of contributory negligence on the part of the plaintiff is what would be the action of a reasonably prudent person of the age and experience of the plaintiff, under the conditions and circumstances of the particular case, and by this guide it is for the jury to determine the negligence on the part of the plaintiff, if any.

**3. Same—Erroneous Instruction.**

It is error for the court to substitute for this guide a given state of facts as constituting contributory negligence for the guidance of the jury in considering the question of negligence, if any, on the part of the plaintiff.

**4. Trial—Conflicting Instructions Erroneous.**

Where the court gives the jury conflicting rules for its guidance, in arriving at its verdict in relation to a particular question, it constitutes error, as the jury has no means for selecting the proper rule of the two.

**5. Same—Reversible Error.**

Where such conflicting rules are given for the guidance of the jury, as this court has no means of knowing which rule the jury followed in arriving at its verdict, it will be deemed reversible error.

**6. Judgment Not Sustained.**

Record examined; held, the record is insufficient to support the verdict in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Francis J. White against the Midland Valley Railroad Company for damages on account of personal injury. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

O. E. Swan, Christy Russell, and Blakeney & Ambrister, for plaintiff in error.

John L. Ward, W. A. Chase, Ed Cross-land, and Geo. Paschal, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff was en route from Indiana to visit his father at Bixby, Okla. He arrived at Muskogee on the morning of February 24, 1921, and prior to the time one of the defendant's trains departed from Muskogee for plaintiff's destination. The plaintiff purchased his ticket for the morning train, but failed to board the same. He boarded one of defendant's trains later in the day which did not make a scheduled stop at Bixby. According to plaintiff's testimony, the conductor of the train advised him that the train would be slowed down to a safe rate of speed for him to alight. On approaching the town of Bixby the plaintiff went to the rear platform of the first passenger coach, where the brakeman on the train undertook to advise him it was safe for him to alight. When the train had slowed down to a speed of about 10 miles per hour, the brakeman said to him "now." The plaintiff understood that he meant that it was safe for him to jump from the train. He acted accordingly, which resulted in personal injury to the plaintiff. The plaintiff testified that the brakeman did not tell him to jump from the train, but that he understood from the expression of the brakeman in the use of the word "now," that he meant that it was safe for the plaintiff to leave the train. The plaintiff testified that he was about the age of 14 years, and was not experienced in the matter of dangers in jumping or alighting from a moving train, and relied upon the judgment and direction of the brakeman in this respect. The evidence further showed that the plaintiff had ridden on a train in Indiana two or three times previously, and that he had made the trip from Indiana to Bixby the year before. The evidence shows that the plaintiff was well grown for his age, and that he was of the average intelligence shown by boys of his age. The defendant filed its general denial and plea of contributory negligence. The evidence of the defendant sharply contradicted the plaintiff's testimony as to the circumstances under which he alighted from the train. The brakeman testified that he saw the plaintiff on the platform and called to him not to jump from the train, and that he did not direct the plaintiff to alight from the train. The conductor testified that he did not advise the plaintiff that he would stop the train at Bixby for him to alight, but that he did advise the plaintiff that it would be necessary for him to go on to Tulsa, and the conductor would arrange for his

transportation from Tulsa to Bixby in the afternoon of the same date. In the trial of the cause judgment went for the plaintiff for the sum of $1,250. The defendant has appealed the cause and has assigned several of the proceedings had in the trial court as error for reversal here. The defendant assigns as error: First, the verdict and judgment is contrary to the evidence; second, the verdict and judgment is contrary to the law; third, error in refusing certain instructions requested by the defendant; fourth, error by the court in giving certain instructions to the jury.

It cannot be said that it is negligence per se for the plaintiff to jump from a moving train. The negligence of the plaintiff, if any, will depend entirely upon the condition and circumstances controlling or directing his action in alighting from the moving train. It is a question for the jury to determine under all circumstances whether the plaintiff acted as a reasonably prudent man would for his own safety, in alighting from the moving car. The plaintiff may be confronted with a sudden peril in the position of electing between that existing, and the dangers incident to jumping from the moving car. The exigency of the occasion may be such as is calculated to impair the exercise of reasonable judgment in respect to the election of the plaintiff in choosing the course he should follow. It is for the jury to say under these circumstances whether the judgment of the plaintiff was such as a reasonably prudent man would have exercised in the same situation. St. L. & S. F. Ry. Co. v. Isenberg, 48 Okla. 51, 150 Pac. 123. According to the testimony of the plaintiff he found himself upon a passenger train which did not make a regular station stop at Bixby, and it became necessary for him to travel beyond his destination to Tulsa and return to Bixby in the afternoon, a condition that confronted plaintiff which he did not anticipate at the time of boarding the train. According to plaintiff's testimony he was advised by the employes of the defendant that the train would be slowed down to a safe rate of speed for him to alight at his station, and he was not experienced and advised of the dangers attendant in alighting from a moving car. The plaintiff testified that he relied on the judgment of the employe in the matter of safety, in directing him to jump from the train. It was for the jury to determine from all the evidence whether the plaintiff, so situated, acted as a reasonably prudent person would have done under all the circumstances and conditions surrounding the plaintiff. In arriving at a judgment on this question it was the duty

of the jury to take into consideration the age of the plaintiff, his experience and ability to judge for himself the natural and probable consequences which might result to him in alighting from a moving train at a speed of about 10 or 12 miles per hour. In arriving at its verdict the jury should have considered the fact that it was day time, and also the nature and condition of the ground or platform where he alighted. The plaintiff, for recovery, relied on the allegation that he was inexperienced and not advised of the dangers which might result to him in jumping from a moving train, and relied on the judgment and direction of the employe of the defendant, The right of the plaintiff to recover depends upon the jury finding this issue in his favor, subject, however, to the further finding of the jury that the plaintiff was not guilty of contributory negligence.

In passing on the question of contributory negligence it was for the jury to determine whether the plaintiff acted for his own safety as a reasonably prudent person would have, taking into consideration the apparent mentality of the plaintiff, his previous experience and apparent capacity to judge the reasonable consequences of such an act. Among the several instructions given to the jury, the defendant assigns as error the giving of instruction No. 20. The instruction is in the following language:

"You are further instructed that if the motion of the train was so slow that the danger of jumping off would not be apparent to a reasonable person or to a person as little experienced in traveling as plaintiff has shown himself in this case, and that the plaintiff acted under instructions and directions of the employes of the defendant in charge of said train, then the resulting injury was not caused by contributory negligence or want of ordinary care, and your verdict should be for the plaintiff in this case."

By this instruction the jury was directed to find a verdict for the plaintiff: (1) If the speed of the train was so slow that the danger of jumping from the moving train would not be apparent to a reasonably prudent person. If the speed of the train was so slow that no danger would be apparent to the plaintiff, acting as a reasonably prudent person, then no wrong could be predicated on the direction by the employe to plaintiff to jump from the train. The standard of care which both parties was required to use was the action of a reasonably prudent person in jumping from the train, under similar circumstances, or in directing another to do so. If the circum-

stances and conditions were such as to cause the plaintiff to leave the train in the exercise of such care, it follows that the defendant, in the exercise of the same degree of care, would not have committed any wrong in giving the direction, if the age and experience of the plaintiff would have enabled the latter to judge of the reasonable consequences of such an act.

(2) The jury was further instructed in the same paragraph to return a verdict for the plaintiff if it found that a person as little experienced in traveling as plaintiff could not have anticipated the dangers. The error in this particular portion of the instruction was that the court assumed that a certain degree of experience on the part of the plaintiff had been proven. The extent of plaintiff's experience in relation to such dangers, as gathered from his traveling on the train, was a question of fact for the jury.

(3) The jury was further instructed that if a reasonably prudent person could not have discovered that the train was moving, or that the little experience which plaintiff was shown to have had in traveling, would have prevented the plaintiff from anticipating the dangers, then the plaintiff would not be guilty of contributory negligence or want of ordinary care.

The Constitution has made the question of contributory negligence one of fact for the jury. In determining this question by the jury, the test to be given the jury is, whether the plaintiff acted as a reasonably prudent person would have done under all the circumstances and conditions. The error in this instruction in relation to the question of contributory negligence is the act of the court in making a certain given statement of facts the test. A given state of facts cannot be made the test, as the conditions and circumstances of each case will be different. If we make a given state of facts the test, the burden of the rule would vary according to the conditions and circumstances of each case. If we make the conduct of a reasonably prudent person, as measured by the circumstances and conditions of the particular case the test, the weight of the rule does not vary in its application. It results in a uniform burden in all cases where the question of contributory negligence is involved. Wilburn v. St. Lim. & Sr. Co., 36 Mo. App. 203.; Muskogee Electric Traction Co. v. Watkins, 96 Okla. 284, 222 Pac. 996; Town of Wetumka v. Burke, 88 Okla. 186, 211 Pac. 522; W. F. & N. W. R. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209; St. L. & S. F. Ry. Co. v. Boush, 68 Okla. 301, 174 Pac.

1036; St. L. & S. F. Ry. Co. v. Jones (Ore.) 190 Pac. 385; Hines v. Dean, 96 Okla. 107, 220 Pac. 860; Payne v. Toler, 94 Okla. 98, 221 Pac. 26; A., T. & S. F. Ry. Co. v. Bratcher, 99 Okla. 74, 225 Pac. 941; Goodrich v. City of Tulsa, 102 Okla. 90, 227 Pac. 91.

In another portion of the court's charge, it gave an instruction on contributory negligence which was substantially correct. This instruction would have been sufficient, except for the giving of instruction No. 20. The latter instruction is clearly against the established rules of this court in relation to the question of contributory negligence. The effect of instruction No. 20 was to take the question from the jury and cause it to be decided by the court. It is error for the court to give conflicting rules to the jury for its guidance in reaching its verdict, upon some particular issue. There is not anything to guide the jury in the selection of the correct rule. This court cannot say that the jury arrived at its verdict by the selection of the proper rule, and omitted the incorrect rule. First Nat. Bank v. Nolen, 59 Okla. 20, 157 Pac. 754. There is merit to the objection made by the defendant to other instructions given in the trial of the cause, but in view of what has been said in relation to instruction No. 20, there is no occasion for the error to re-occur in a new trial of the cause.

It is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.