**CHAMPLIN REFINING CO. v. PUCKETT, Adm'r.**

No. 16708—Opinion Filed July 27, 1926.

**Appeal and Error—Reversible Error—Inconsistent Instructions.**

The instructions must be considered as a whole, but they must be consistent and harmonious, and where two instructions are given containing inconsistent or conflicting propositions, tending to confuse the jury, the cause will be reversed for the reason that the court is unable to determine which instruction the jury followed and which they ignored.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by A. J. Puckett, as administrator of the Estate of Clarence Puckett, deceased, against Champlin Refining Company. Judgment for plaintiff, and defendant appeals. Reversed.

Simons, McKnight & Simons and McKeever, Moore & Elam, for plaintiff in error.

Carl Kruse, for defendant in error.

Opinion by RAY, C. A. J. Puckett, as administrator of the estate of Clarence Puckett, deceased, recovered judgment against the Champlin Refining Company for the death of decedent, an employe of defendant, alleged to have been caused by the negligence of the defendant, its agent and servants. The employment, injury while engaged in employment, and death 60 days after the injury, are admitted by the defendant. The evidence was conflicting both as to negligence on the part of defendant and as to whether the death was the result of the injury or another intervening cause.

The court, over objections of the defendant, in its general instructions to the jury, gave the following instructions:

"3. The jury is instructed that if you find from the preponderance of the evidence in this case that the defendant, through its agents and employes, hired Clarence Puckett to work as alleged in plaintiff's petition, and that the place where the said Clarence Puckett was required to work was unsafe, or became unsafe while said Clarence Puckett was performing his work in accordance with the orders and instructions of the persons or agents having charge of the work, and that the unsafe condition of the place or the appliances or methods of doing the work was known to the defendant's agents and employes who were directing the work, and caused the injury to Clarence Puckett from

which the said Clarence Puckett died, then your verdict will be for the plaintiff.

"4. The jury is instructed that if you find that the condition of the place in which the deceased worked had become unsafe, and the appliances with which the work was being done had become broken and unsafe, and that the injury would not have occurred if the same had been kept in a safe condition, and that the said unsafe condition of the place, appliances or methods was the proximate cause of the injury to said Clarence Puckett, and that Clarence Puckett died as the result of said injury, then your verdict will be for the plaintiff."

By these instructions, if standing alone, the jury was authorized to find for the plaintiff if they found that Clarence Puckett died as a result of the injury without regard to negligence on the part of the defendant.

These instructions were clearly wrong and misleading. By these instructions the jury was told, in substance, that if the place in which deceased worked had become unsafe, and the appliances with which he worked had become broken and unsafe, the defendant was guilty of actionable negligence. Negligence is a question for the jury under proper instructions. It is conceded by defendant in its brief that it requested, and the court gave, correct instructions on the question of negligence, and that the requested instructions were incorporated in the general instructions to the jury. So it is conceded by the defendant that the law was correctly stated in the instructions, but for instructions Nos. 3 and 4, complained of. The contention is that the instructions were conflicting, and that there is no way of determining which of the conflicting instructions the jury followed and which it ignored.

This contention of the defendant must be sustained.

In the case of Pittsburg County Ry. Co. v. Hasty, 106 Okla. 65, 233 Pac. 218, it was held:

"The instructions must always be considered as a whole, but they must be consistent and harmonious, and where two instructions are given containing inconsistent or conflicting propositions, tending to confuse the jury, the cause will be reversed for the reason that the court is unable to determine which instruction the jury followed and which they ignored."

To the same effect, First National Bank v. Nolan, 59 Okla. 20, 157 Pac. 754; Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538; Kansas City, M. & O. Ry. Co. v. Roe, 50 Okla. 105, 150 Pac. 1035.

No authorities are cited in support of the contention of the defendant that the court erred in overruling its motion to require plaintiff to make the petition more specific, and in overruling its demurrer to each of the two causes stated in the petition. It is sufficient to say that the motion to make more specific and defendant's demurrer to plaintiff's petition were properly overruled.

The judgment is reversed, with directions to grant the defendant a new trial.

By the Court: It is so ordered.