## YOUNGER et al. v. BLANCHARD HDWE. CO. et al.

No. 16766—Opinion Filed Nov. 30, 1926.

1. **Appeal and Error—Prejudicial Error—Inconsistent Instructions.**

It is the duty of the trial court to give, upon its own motion, proper instructions substantially covering the issues and the evidence produced at the trial of the cause, and it is fundamental error for it to fail to do so; and so, when inconsistent instructions tending to confuse the jury have been given, and after an examination of the entire record the Supreme Court finds that there is a probability that the giving of such instructions has probably resulted in a miscarriage of justice, the Supreme Court will reverse the cause and grant a new trial.

2. **Same—Action on Redelivery Bond in Replevin.**

Instructions examined, and, held, the instructions are inconsistent and confusing to the extent of necessitating a reversal of the cause and the granting of a new trial.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Blanchard Hardware Company and others against Monroe Younger and G. W. Knight, to recover on a redelivery bond. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Geo. S. Ramsey, Edgar A. de Meules, Villard Martin, and T. G. Logan, for plaintiffs in error.

W. W. Noffsinger and A. L. Harris, for defendants in error.

Opinion by RUTH, C. L. C. Blanchard, trading as the Blanchard Hardware Company, made an assignment to Cleat Peterson, H. L. Miller, and J. W. Brownlow, for the benefit of creditors, and they will hereinafter be designated as plaintiffs, and Monroe Younger and G. W. Knight will be designated as defendants.

In September, 1921, Blanchard filed an action in replevin against Monroe Younger to recover certain personal property, and Younger gave a redelivery bond, with G. W. Knight as surety. In December, 1923, Blanchard recovered judgment against Younger for the return of the property "in as good condition as the same was at the time suit was instituted, ordinary wear and tear being excepted." The judgment further provided that upon the failure of Younger to so return the property, judgment be entered against Younger in the sum of $990 and costs. This judgment and redelivery bond were assigned to plaintiffs, who, in their petition in this action against the defendants, set up the assignment, the replevin proceedings, and attach copy of the redelivery bond and judgment, and pray judgment against the defendants in the sum of $990.

Defendants for answer deny a breach of the conditions of the bond, and allege that after the judgment was rendered in the replevin action, they tendered the property to the plaintiffs, who refused and still refuse to accept the same. The cause was tried to a jury, and a verdict returned for plaintiffs in the sum of $990, and defendants appeal, and present their assignments of error under three general heads.

The first assignment of error to challenge this court's attention is the instructions as given by the court, and assigned as error because the same are conflicting.

Instruction No. 2 as given by the court and excepted to by defendant, recites:

"In an action of replevin, where there is an alternative judgment rendered against the defendant for the return of the property taken or its value, it is the duty of the defendant to promptly and in good faith tender all of the same in **as good condition as received,** and a failure to do so will render his sureties liable on their undertaking for the full amount," etc.

Instruction No. 5 recited in part:

"It is the duty of the defendant to promptly and in good faith return all the property **in as good condition as when replevined.**"

These instructions, standing alone, would constitute such reversible error as not to require further consideration of the case.

The bond sued upon was conditioned that, in the event judgment should be for plain-

tiff for the return of the property, "said property or its appraised value in money shall be forthcoming to answer the judgment of said court in said action," and as has been before stated, the judgment of the court recited that it should be returned "in as good condition as the same was at the time suit was instituted, **ordinary wear and tear being excepted.**" The recitals of the bond being such as herein pointed out, the surety on the bond could not be held beyond the recitals of the judgment that might finally be rendered.

Section 5149, C. O. S. 1921, provides:

"A surety cannot be held beyond the express terms of his contract."

"A surety on a bond in a judicial proceeding cannot be held liable beyond the terms of the bond." Southwestern Surety Ins. Co. v. United States Fidelity & Guaranty Co., 75 Okla. 232, 182 Pac. 522; Logan et al. v. Hopkins et al., 85 Okla. 278, 205 Pac. 1095.

There appears to have been some reason for this last clause being inserted in the judgment. More than two years and three months elapsed between the institution of the replevin action and the trial, due perhaps to plaintiff's financial difficulties and his assignment. However, whatever the cause of the delay, counsel for plaintiff in that action drew the journal entry, using language of his own selection, and the court, no doubt recognizing the justice of the clause, rendered judgment accordingly, and the judgment fixed the conditions of the bond, and the principal and surety became liable for the condition of the property subject to the "wear and tear" clause, and the instructions numbered 2 and 5 were erroneous and highly prejudicial.

Defendants requested, and the court gave instructions numbered 6, 7, and 8, in part as follows:

"No. 6. And you are instructed that in this case, if the defendants, after the final judgment, within a reasonable time, tendered the property involved **or any separate items thereof, in substantially the same condition, damage from reasonable use and wear excepted,** as it was at the time the suit was brought and the bond given, then it is your duty to find for the defendants as to the items tendered by the defendants to the plaintiffs."

Instruction No. 7 used the term **"less any depreciation through reasonable ordinary use of the property."**

Instruction No. 8 was as follows:

"You are instructed that under the judg-

ment rendered, the property was shown to consist of separate items, and each item was separately valued, and if you find from the evidence that the defendant tendered to the plaintiff some of the different pieces of property and did not tender others, then it will be your duty to find for the defendant as to the items tendered and to find in favor of the plaintiff for the value of the items of property not tendered."

Plaintiffs contend that if these instructions are in conflict and there is error therein, it was brought about by the act and conduct of the defendants below, and, as defendants saved no exceptions to instructions numbered 6, 7, and 8, but prevailed upon the court to give them, defendants are therefore in a very poor situation to complain of the same here.

We cannot accompany counsel along this line of reasoning. Instruction 6, 7, and 8 embodied counsel's conception of the law applicable to the facts in the case, and if they were correct they should have been given: if erroneous, they should have been rejected, and it would be an unusual proceeding for counsel to have objected to the giving of instructions submitted by them. Counsel for defendants did not think instructions 2 and 5 correctly stated the law, and objected to the giving of the same and saved their exceptions. The same is true of counsel for plaintiffs as to instructions 6, 7, and 8, and counsel would be derelict in their duty to their client if they failed to request the court to submit the cause to the jury upon proper instructions.

Instruction No. 3 then proceeds upon two theories:

"(1) That defendants must deliver the property in substantially as good condition as upon date of judgment; and * * * that the law contemplates that the property be returned in substantially the same condition and of the same value **as when taken**"

—and further instructs the jury in the same instruction that:

"Defendant Monroe Younger retained the property at his own risk as to deterioration in value, and not at the risk of the plaintiff."

The jury determines the facts from the evidence, but must follow the law as given to them by the court, as applying to the facts so found. They are not at liberty to consider one instruction to the exclusion of the balance, but must consider them as a whole. Badger Oil Co. v. Clay. 83 Okla. 25, 200 Pac. 433; M., K. & T. Ry. Co. v. Lenahan, 85 Okla. 290, 206 Pac. 233.

If, then, the jury must consider the instructions as a whole, it is axiomatic that, to enable them so to do, the instructions must be consistent and harmonious, for if they are inconsistent, inharmonious, and irreconcilable, confusion results, and the greater the effort to reconcile the irreconcilable only results in greater confusion, and when this irreconcilability, inconsistency, and confusion appear in the instructions, the judgment must be reversed for the reason that the court is unable to tell which the jury followed and which it ignored. First National Bank v. Nolen, 59 Okla. 20, 157 Pac. 754.

"The jury is not supposed to know when the court correctly or incorrectly states the law, and it is prejudicial error for the court to give conflicting instructions to the jury, and thus leave the jury to decide conflicting principles of law."

Petroleum Iron Works v. Bullington, 61 Okla. 311. 161 Pac. 538. This principle will also be found laid down in Welge v. Thompson, 103 Okla. 114, 229 Pac. 271; Midland V. Ry. Co. v. White, 109 Okla. 60, 234 Pac. 762; Helsel v. Fletcher, 98 Okla. 285, 225 Pac. 514; Schulte v. Garrett, 99 Okla. 52, 225 Pac. 904.

As hereinbefore pointed out, it cannot avail the plaintiff to say that the instructions occasioning the conflict were offered by his adversary, for it is the duty of the trial court to give, upon its own motion. proper instructions substantially covering the issues and the evidence produced at the trial of any cause, and it is fundamental error for it to fail to do so. First National Bank v. Cox, 83 Okla. 1, 200 Pac. 238.

The fact that one of the instructions correctly states the law does not relieve the situation, as it would indeed be a singular condition if no one of several different principles of law presented to a jury did not contain the true law. Pittsburgh Co. Railway Co. v. Hasty. 106 Okla. 65, 233 Pac. 218; Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141.

Counsel for plaintiff directs our attention to Schofield v. City of Tulsa, 111 Okla. 220, 239 Pac. 236, wherein the court held:

"Where a verdict and judgment are authorized by the evidence and another would be unwarranted. the same will not be reversed on appeal on account of errors alleged to exist in the instructions given."

From the rule there announced. we have no desire to depart. but the opinion in the cited case is not founded upon conflicting instructions. In the instant case. under proper instructions, we readily perceive how a jury might reach a different conclusion, certainly as to the amount of recovery.

It appears from the record that, after judgment was rendered, property consisting of one Royal Power hay press with 7 H. P. Monarch engine, one Moline mowing machine, one Champion mowing machine. one Lu u planter, one Champion hay rake, and two wooden Go-Devil plows, were taken to the town where plaintiff's store had been formerly located, and the assignee of the plaintiffs notified. Blanchard being notified, said "he was out of it," and refused to have anything to do with the matter.

Cleat Peterson, a banker, and one of the trustees, was notified, and he testified:

"We had been advised that the property was in very bad condition, and that there was a decline in the price, and it would noways pay the amount of the judgment, and I had a conference with the other ass'gnees, and we decided we would not make a demand for the property."

He further testifies he never saw the property.

Defendants assign as error that there was a total lack of evidence on the part of the plaintiffs to sustain the judgment. It is true the action of the plaintiffs would not indicate a very earnest desire for the return of the property regardless of its condition at the time of its return, but we do not feel the necessity of determining that question. as we are of opinion the judgment should be reversed for the reasons herein stated.

The judgment of the trial court is therefore reversed and remanded, with directions to grant defendants a new trial.

By the Court: It is so ordered

Note.—See under (1) 4 C. J. pp. 1031, 1032 (Anno), §3013; 38 Cyc. pp. 1595, 1604, 1605, 1691. (2) 4 C. J. pp. 1031, 1032 (Anno), §3013; 38 Cyc. p. 1605.