## ST. LOUIS-S. F. RY. CO. v. FORD.

No. 19044.   Opinion Filed Oct. 8, 1929.

E. T. Miller, Cruce & Franklin, and Grey W. Satterfield, for plaintiff in error.

Frank P. Smith, for defendants in error.

JEFFREY, C. This is an action by plaintiff, F. A. Ford, to recover damages on account of injury to his person and automobile growing out of a collision with a train operated by the defendant, St. Louis-San Francisco Railway Company. Plaintiff, while traveling on the public highway between Claremore and Tulsa, collided with a through freight train of the defendant company at a highway crossing approximately 200 yards west of the railway station at Verdigris. Defendant's railroad runs in an easterly direction through the town of Verdigris, and the highway runs in the same general direction. It parallels the railroad along the south side thereof through Verdigris, and for some distance east. About 200 yards west of defendant's station the highway crosses defendant's tracks at ap-

proximately right angles. Plaintiff approached the railroad crossing from the east. He and one Charles Bailey were riding in an open Ford automobile. The automobile belonged to plaintiff, but was being driven by Charles Bailey. Plaintiff's automobile was practically destroyed, and he sustained severe injuries, but it is not necessary to describe them in detail or the extent thereof since the amount of the verdict is not here challenged. The injury occurred on September 4, 1924, in Rogers county, and this action was commenced February 23, 1926, in the superior court of Creek county, and later transferred to the district court of said county. The grounds of negligence upon which plaintiff predicated his action, were the placing of a string of box cars on a side track near the highway crossing so as to obstruct the view and hearing of plaintiff, excessive and dangerous speed of the train, the failure of the defendant to place a flagman or guard at the crossing, and the failure of the defendant's train crew to give the statutory signals before making the crossing. Defendant denied generally the allegations of the petition, and pleaded contributory negligence. The case was tried to a jury and a verdict was returned in favor of plaintiff in the sum of $2,000. Judgment was duly rendered on the verdict, a motion for new trial overruled, and defendant has appealed.

The first assignment of error is that the verdict of the jury is not supported by sufficient evidence. Plaintiff testified that on the date of the injury, he was traveling in a westerly direction in his automobile, driven by Charles Bailey, on the main highway between Claremore and Tulsa; that just before he arrived at Verdigris, he had to detour off the main highway, but came back onto the highway about 150 or 200 yards east of the highway crossing; that he traveled due west from that point until he arrived directly south of the crossing; that he observed a long freight train on the side track between him and the main track; that when he arrived directly south of the crossing where the highway turned at a right angle north to the railroad crossing, he discovered that the freight train was cut at the crossing. It appears from the record that that part of the highway traveled immediately prior to turning north over the railroad crossing parallels the railroad, and that the distance between the highway and railroad tracks is approximately 100 feet. He testified that the opening between the cars at the crossing was 18 or 20 feet. He further testified that when his car approached the crossing, it slowed down to seven or eight miles per hour, and that he looked and

listened, but did not see or hear anything that indicated danger; that the car proceeded to pass between the freight cars in a slow and careful manner, and just as they arrived along the north line of the freight cars, they observed the through freight train directly on them coming from the east. Plaintiff testified that his car was then eight or nine feet from the main tracks on which the freight train was traveling; that Bailey tried to stop, but that the distance was too short, and that the moving train was too near. Witness Bailey testified to almost identically the same state of facts. Both plaintiff and Bailey testified that they slowed down to a very slow rate of travel and looked and listened before proceeding to drive between the box cars an either side of the crossing; that the box cars obstructed their view so that they could not see a train on the main track until they had arrived within eight or nine feet of said tracks; and that they did not hear any whistle or bell or other signal indicating that a train was approaching. On this point, about 19 witnesses testified for defendant that the approaching train did give the signals, as required by law. Under this state of facts, counsel for defendant says that plaintiff's evidence is negative in character, not sufficient to overcome the positive testimony of so many witnesses that the signals were given, and is not sufficient to raise an issue on this point for the consideration of the jury. This question was decided against defendant in the recent case of St. Louis-San Francisco Railway Co. v. Russell, 130 Okla. 237, 266 Pac. 763. It was there held, as in many prior decisions of this court, that the evidence to the effect that one did not hear a signal given when he was in a position to hear and could have heard had it been given, is not purely negative in character, but is a positive statement of a fact. Such testimony is open to question only as to its relative value, depending upon whether the witness was in a position to hear and the amount of attention he gave to the matter of giving signals. Of course, where it appears that a witness was so situated that he could not have heard a signal had it been given, his testimony that he did not hear a signal would have no evidentiary value on the point. See, also, Wichita Falls & N. W. R. Co. v. Groves, 81 Okla. 34, 196 Pac. 677; St. Louis & S. F. Ry Co. v. Rundell, 108 Okla. 132, 235 Pac. 491; St. Louis-San Francisco Ry. Co. v. Robinson, 99 Okla. 2, 225 Pac. 986; Zenner v. Great Northern Railroad Co., 135 Minn. 37, 159 N. W. 1087.

The case of Union Railway v. Houk, 109 Okla. 187, 235 Pac. 499, is cited by counsel for defendant as sustaining the rule contend-

ed for by them. There are facts and circumstances in that case indicating that the witnesses, who testified that they did not hear the signals given, were so situated that they would not likely have heard, had the signals been given as required by law, and also facts and circumstances indicating that very little attention was paid to the matter of giving signals. The evidence of such witnesses no doubt was of but little value as compared with the testimony of witnesses who were in position to hear and did hear the signals given, but it appears from some of the language employed that the holding turns on the negative form of the testimony. To that extent the opinion is not in accord with the weight of authority in this jurisdiction. The facts in that case were quite different from the facts in the case at bar, and if it may be said to be in point in principle, we should not feel disposed to follow it to the extent of holding that testimony that one did not hear a signal, without regard for his situation or ability to hear, as a matter of law, has no evidentiary value solely because it is negative in form.

The evidence was probably sufficient to sustain the verdict on another ground, but we think the evidence was sufficient to raise an issue on whether or not the statutory signals were given, and it is unnecessary to go into the evidence further.

It is next contended that the trial court erred in giving instruction No. 16. That instruction reads as follows:

"You are instructed that it was the duty of the defendant to sound a warning, before approaching said crossing, by blowing a whistle or ringing a bell; and if you find that the defendant failed to give such warning, and that the plaintiff used ordinary care on his part in approaching and entering upon said crossing, then and in that event your verdict should be for the plaintiff in such an amount as you may find him entitled to receive, not to exceed, however, the sum of $2,992.50, as prayed for."

It will be noted from this instruction that the trial court advised the jury that, if defendant had failed to sound a warning before approaching the crossing, and that plaintiff was not guilty of contributory negligence, then the verdict should be for plaintiff. This instruction omits one of the essential elements of actionable negligence, to wit, the existence of an injury which is the direct result of the negligence complained of. It is a universal rule that to constitute actionable negligence, it must be pleaded and proved that the negligence complained of was the proximate cause of the injury received. Wyman v. C., R. I. & P. Ry. Co., 76 Okla. 172, 184 Pac. 758; Larkey v.

Church, 79 Okla. 202, 192 Pac. 569; Hines, Director General of Railroads, v. Dean, 96 Okla. 107, 220 Pac. 860. The first paragraph of instruction No. 17 is a proper instruction on this point, and would no doubt be sufficient if it had been given alone. That part of instruction No. 17 reads as follows:

"You are therefore instructed that if you find from a preponderance of the evidence in the case, that at the time of the accident in question, on or about the 4th day of September, 1924, the plaintiff, in approaching said railroad crossing, did look and listen for approaching trains, and did conduct himself as a reasonably prudent person would do under the circumstances as they appeared to him at said time, and did exercise due care and caution, without any carelessness or negligence on his part; and if you further find that the defendant, having knowledge of the situation as it existed at said crossing at said time, was guilty of negligence on its part in either wholly or partially failing to provide sufficient signals of its approaching train, either by blowing a whistle or sounding a bell or otherwise, and that as the result of such negligence on the part of the defendant, the plaintiff did approach and enter upon said railroad crossing, with due care and caution and without any negligence on his part, resulting in the accident and injury to the person and property of the plaintiff, then and in that event it will be your duty to return a verdict herein in favor of the plaintiff."

An incomplete and inadequate instruction may be cured by other instructions incorporated in the charge, but, from a careful examination of all the instructions in this case, we are unable to say that the error in instruction No. 16 was cured by any other part of the instructions. Instruction No. 16 is to the effect that negligence in a certain particular on the part of defendant and absence of negligence on the part of plaintiff make it the duty of the jury to return a verdict in favor of plaintiff. No. 17 is to the effect that negligence on the part of defendant and absence of negligence on the part of plaintiff in case the injury was the result of defendant's negligence, make it the duty of the jury to return a verdict for plaintiff. These two instructions gave the jury two separate standards or guides by which they should determine whether or not defendant was liable to plaintiff. Nowhere does it appear throughout the instructions that the jury must find that plaintiff's injury was the proximate or direct result of any negligent acts on the part of defendant before it could find for plaintiff. The question would naturally arise: Which rule or standard should the jury follow? In so far as the instructions

disclose, there is no inhibition against the jury's having followed either rule stated. The jury is not presumed to know when the court incorrectly states the law, and it is prejudicial error for the court to give instructions fixing two standards of liability and leave the matter of selecting the correct one to the jury. In the case of Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538, the second paragraph of the syllabus is as follows:

"The jury is not supposed to know when the court correctly or incorrectly states the law, and it is prejudicial error for the court to give conflicting instructions to the jury and thus leave the jury to decide conflicting principles of law."

To the same effect are the cases of K. C., M. & O. Ry. Co. v. Roe, 50 Okla. 105, 150 Pac. 1035; Payne v. McCormick Harvesting & Machine Co., 11 Okla 318, 66 Pac. 287; Hines, Director General of Railroads, v. Dean, 96 Okla. 107, 220 Pac. 860; Savannah Electric Co. v. McLelland, 128 Ga. 87, 57 S. E. 91; Union Pacific Railway Company v. Milliken, 8 Kan. 647.

Instruction No. 16 is almost identical with instruction No. 7 complained of in the Dean Case, supra. Subsequent instructions in that case had more of a tendency to cure the erroneous instruction than do the balance of the instructions in the case at bar. However, it was there held that the error was not cured, but the additional instructions merely served to mislead and confuse the jury. We are of the opinion that instruction No. 16 is erroneous, and that the error was not cured by other instructions.

Complaint is also made about instruction No. 14. This instruction, standing alone, tends to place a higher duty on the defendant than is imposed by law. Since the cause must be reversed for a new trial on another ground, we shall not decide whether the error, if prejudicial standing alone, was cured by other instructions. But it is sufficient to say that the instruction in its present form should not be given upon a new trial.

It is contended that the trial court erred in refusing to give defendant's requested instruction No. 3. That instruction is too long to set out herein. It is subject to several objections. A sufficient objection to mention is that it would offend section 6, art. 23 of the Constitution of Oklahoma. By the instruction it was sought to have the jury told that if it found plaintiff guilty of certain acts, such would constitute contributory negligence on his part. In the case of St. Louis-San Francisco Ry. Co. v. Russell, supra, almost the identical question was decided by this court. The second paragraph of the syllabus is as follows:

"2. Under section 6, art. 23, Constitution of Oklahoma, the jury alone can determine whether such facts as they find to exist constitute contributory negligence, and it is not error for the trial court to refuse to instruct the jury that a certain state of facts, if found to be true, constitute contributory negligence."

To the same effect are the cases of Folsom-Morris Coal Mining Co. v. Scott, 107 Okla. 178, 231 Pac. 512; Midland Valley R. Co. v. White, 109 Okla. 60, 234 Pac. 762.

Lastly, defendant contends that the trial court erred in refusing to give its requested instruction No. 5. By this instruction the defendant requested the court to instruct the jury that the defendant was not negligent by its failure to have a watchman or flagman at the crossing, where this accident occurred. It is not practicable for the court to undertake to say what particular acts are required on the part of defendant to constitute the exercise of ordinary care in such a situation. This depends upon the circumstances in each particular case, and it is for the jury to say, in the light of all the facts and circumstances under proper instructions, whether defendant exercised that degree of care required of it, or whether, under a particular situation, it was required to do certain things in order to discharge its duty toward plaintiff and the traveling public. The instruction if given would have tended to take this question from the jury. Clements' Adm'r v. Atchison, T. & S. F. Ry. Co.. 124 Okla. 13, 253 Pac. 496; Campbell v. Breece, 134 Okla. 266, 274 Pac. 1085. We conclude that it was not error to deny defendant's requested instruction No. 5.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 22 R. C. L. pp. 148-150; 3 R. C. L. Supp. p. 1240; 4 R. C. L. Supp. p. 1458; 5 R. C. L. Supp. p. 1196; 6 R. C. L. Supp. p. 1318; 7 R. C. L. Supp. p. 738. (2) 14 R. C. L. p. 747. See "Negligence," 45 C. J. §666. p. 1093, n. 80; §752, p. 1168, n. 13; §920, p. 1345, n. 30; §925, p. 1352, n. 34.